# UNITED STATES *v.* WYNN.[*]

*(Circuit Court, E. D. Missouri.   March 29, 1882.)*

APPELLATE PROCEDURE—JUDGMENT—SENTENCE—ACT OF MARCH 3, 1879, § 3,
(SUP. REV. ST. c. 176, p. 452.)

In a criminal case, brought before it on a writ of error, a circuit court may alter the sentence where it affirms the judgment.

The defendant in this case having been tried and found guilty in the district court, under an information charging him with having stolen a letter from the mail, moved in arrest of judgment on the ground that the crime charged was infamous, and could only be prosecuted by indictment.   The motion having been overruled, (see 9 FED. REP. 886,) the case was brought before this court by a writ of error.

*Drummond & Smith,* for the United States.

*Paul Bakewell* and *G. M. Stewart,* for defendant.

McCRARY, C. J., *(orally.)*   The case of Louis D. Wynn is before me on an error from the district court.[†]   I do not propose to express any final opinion upon the important question that is involved in this case at this time.   It is the question as to what is meant by the phrase "infamous crimes" in the constitution of the United States. Various views have been expressed by different courts upon it.   It is a question of very grave importance—one which ought to be determined finally by the supreme court of the United States, and I trust soon will be.   It is probable, I think, that, upon a full consideration of it, I should conclude the views expressed by the district judge in his very learned and able opinion are most satisfactory of any that have been expressed by any of the judges; but I do not find it necessary to go into a determination of that question in this case for reasons which I will state.   The statute provides that in cases brought before the circuit court on a writ of error, in case of an affirmance of the judgment of the district court, the circuit court shall proceed to pronounce final sentence, and to award execution thereon; and it has been held by the circuit judge, in a northern district of Illinois, that that authorizes the circuit court to render its own judgment in case of an affirmance, which need not necessarily be the judgment of the district court.   In the present case the sentence was imprisonment

*Reported by B. F. Rex, Esq., of the St. Louis bar.
†See 9 FED. REP. 886.

for one year from the sentence; but the prisoner had been in jail since the third of September, 1881, now nearly eight months since his imprisonment, and I think, under all the circumstances, and in view of the possible doubt of the constitutionality of the question that is involved, that imprisonment for eight months is a sufficient sentence; and, as that will result in a discharge of the prisoner in a few days, I have determined to enter that as the judgment of the circuit court: that the sentence be imprisonment at hard labor in the city jail for eight months, beginning with the third of September, 1881.

See *Ex parte Virginia*, 100 U. S. 342.