## SPRINKLE et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. December 14, 1906.)

No. 606.

**1. CRIMINAL LAW—EVIDENCE—DECLARATIONS.**

Where defendants on trial were jointly indicted with others charged with carrying on the business of rectifiers in the names of certain companies organized by them with intent to defraud the United States of the internal revenue on their rectified spirits, a typewritten letter purporting to have been dictated by one of the defendants and signed in his name by a rubber stamp or stencil, no part of which was in his handwriting, was inadmissible as against him, in the absence of other evidence sufficient to connect him with the offense charged.

**2. SAME—ERRONEOUS ADMISSION OF EVIDENCE—PREJUDICE.**

The erroneous admission of evidence against accused in a federal court will be presumed to have been prejudicial unless it is made to appear beyond a doubt that it was harmless.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 3094.]

**3. SAME—ADMISSIBILITY OF TYPEWRITTEN LETTER SIGNED WITH STENCIL.**

A letter written wholly on a typewriter, with the signature of the accused thereto appended with a stencil, *held* incompetent as evidence against such accused as a communication purporting to have come from him, unless shown to have been acknowledged by him as his letter, or acquiesced in or acted upon by him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1022, 1027.]

Pritchard, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of North Carolina.

Spencer B. Adams, W. P. Bynum, Jr., Reuben D. Reid, and E. J. Justice, for plaintiffs in error.

A. E. Holton, U. S. Atty., and A. H. Price, Asst. U. S. Atty.

Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge. This case was decided by this court at its November term, 1905 (141 Fed. 811, 73 C. C. A. 285), and is now under consideration upon a petition for rehearing granted at the instance of T. M. Angle and William Young, two of the defendants, the defendant Sprinkle having acquiesced in the judgment of the court.

The case is briefly this: B. F. Sprinkle and the petitioners Angle and Young, together with H. C. Sprinkle and J. T. Sprinkle, were indicted for violations of the internal revenue laws; the indictment containing 10 counts, the first charging the persons named with carrying on the business of rectifying with intent to defraud the United States of the tax on the spirits so rectified; the third, fifth, seventh, and eighth counts with engaging in and carrying on the business of rectifiers of distilled spirits in the names, respectively, of the Oak Grove Liquor Company, the Milton Liquor Company, the Reidsville Liquor Company, and of William Young, with intent to defraud the United States of the tax on the spirits so rectified by them. The second, fourth, and sixth counts charged that said five defendants, respectively, in the name of the three companies aforesaid, knowingly made false entries in certain books required by law to be kept in the rectifying business. The ninth count charged the five defendants with unlawfully and willfully removing and aiding and abetting in the removal of a cask of distilled spirits on which the tax had not been paid as required by law to a place other than the distillery warehouse, and the tenth count with unlawfully concealing said cask of spirits on which the tax had not been paid. The defendants B. F. Sprinkle, T. M. Angle, and William Young, in the absence of the defendants H. C. and J. T. Sprinkle, who had not been apprehended, were jointly tried and convicted on the first nine counts of the indictment, on which judgment was entered, and from which a writ of error was sued out, resulting in the affirmation of the decision of the lower court, from which this rehearing is asked by the two petitioners named.

Many reasons are urged in support of the rehearing, and the same have been elaborately argued orally and in writing, and the conclusion reached is that the judgment heretofore entered should in all respects be adhered to, except as to the ruling of the court upon the twenty-second bill of exception taken upon the trial relating to the admission in evidence of a certain paper purporting to have been written by the petitioner William Young on the 15th day of April, 1902, addressed to Fleischman & Co., wholesale liquor dealers, Cincinnati, Ohio. The subject of this exception is also embodied in the defendant Young's request for instruction No. 90, and forms the ground of one of his assignments of error, and arose as follows: While Charles Haefeli,

chief clerk for Fleischman & Co., was on the stand as a witness in behalf of the government, deposing as to certain transactions between his firm and the Reidsville Liquor Company, of Reidsville, N. C., he was asked by counsel for the prosecution to say if he had "any letters or anything that opened correspondence with Fleischman & Co.," to which the witness replied "Yes," and produced the letter dated April 15, 1902, which is as follows:

"Reidsville Liquor Co., Wholesale Liquor Dealers and Rectifiers.
"Wm. Young,
"B. F. Sprinkle, Proprietor.
"Reidsville, N. C., April 15, 1902.
"Mess. Fleischman & Co., Cincinnati, O.—Dear Sir: Please quote me your lowest prices on 50 proof white wheat whiskey f. o. b. Cincinnati, in five bbl. lots containing 50 or more wine gals. to the bbl. I want it to blend low proof corn whiskey with it. If you will figure it down to the right price, I will handle five or ten bbls. per week; let me hear from you at your earliest date.
"Yours truly, Wm. Young."

The said letter was typewritten, the date being stamped with a stencil or rubber stamp, and written upon stationery purporting to be that of the Reidsville Liquor Company, on which the name of B. F. Sprinkle originally in print as proprietor was stamped out, and across the name of said Sprinkle, proprietor, and across words "Liquor Dealer and Rectifier," the name of Wm. Young was stamped with a stencil or rubber stamp, and at the close of the letter the signature "Wm. Young" was likewise stamped with a rubber stamp or stencil. The answer of Fleischman & Co. to this letter was addressed to the Reidsville Liquor Company, which was the beginning of the correspondence between Fleischman & Co. and the Reidsville Liquor Company, and subsequently correspondence was had between said firm and said company, J. T. Sprinkle appearing as the proprietor of the Reidsville Liquor Company, and as a result of which sundry sales of liquor were made by Fleischman & Co. to the Reidsville Liquor Company, and on some of the liquors were used the fraudulent stamps shown by the government to have been issued. The lower court admitted this evidence against the objection of the defendants, stating at the time "that the object of the government in offering the testimony, as stated by the district attorney, was to show by it that the criminal offenses charged in the indictment had been committed, but that the testimony would not be considered by the jury unless subsequent testimony was introduced connecting the defendants, or some of them, with the offense, which the testimony offered tended to prove, and then only as to such of the defendants as might be found to have engaged in the offense."

The view taken by this court at the former hearing was that although the said letter was not in the handwriting of the defendant Young, which might have been sufficient as an independent proposition to have caused its rejection, that the fact that the Reidsville Liquor Company (one of the aliases under which it is alleged said Young did business) received the same and acted thereon so connected Young with the company as to make it competent evidence against him. To this view we still adhere, upon the facts as thus assumed; but upon a careful review of the evidence in the case we are not satisfied with the conclusion then reached, in that it does not appear entirely to our satisfaction that the facts in

the case, independent of the letter itself, so identify Young with the commission of the offense alleged against him, or with the Reidsville Liquor Company, as to make him liable for the acts of said company. With the letter in his handwriting in evidence, and the company acting upon the same, it would be conclusive of the guilt of Young as well as of his connection with the company. The letter, however, was admittedly not in his handwriting, and the government should, therefore, before it can use that which was in itself incompetent as evidence either for the purpose of connecting Young with the commission of the crime, or to procure and sustain a verdict against him, establish its case with that degree of certainty necessary to a conviction with such letter excluded. This, we think, the government has failed to do. It is true that many circumstances of suspicion surround the petitioner, Young, and he may be guilty; but without the letter which forms the basis of the exception in question, and the answer thereto, and what was done as a consequence thereof, the defendant's guilt is not established with that degree of definiteness and certainty that should be required in a criminal case. This is particularly true under the federal decisions applicable to the admission and exclusion of evidence, which are to the effect that it should be made to appear beyond a doubt that the improper evidence admitted did not and could not have prejudiced the rights of the party duly objecting. Deery v. Cray, 5 Wall. 795, 807, 18 L. Ed. 653; Gilmer v. Higley, 110 U. S. 47, 3 Sup. Ct. 471, 28 L. Ed. 62; Boston R. R. Co. v. O'Reilly, 158 U. S. 334, 337, 15 Sup. Ct. 830, 39 L. Ed. 1006; U. S. v. Daubner (D. C.) 17 Fed. 793; Resurrection Gold Mining Co. v. Fortune Gold Mining Co., 64 C. C. A. 180, 189, 129 Fed. 668; State v. Mikle, 81 N. C. 552; State v. Massey, 86 N. C. 658, 41 Am. Rep. 478; State v. Jones, 93 N. C. 611; State v. Goodson, 107 N. C. 798, 12 S. E. 329; Bishop New Cr. Proc. vol. 1, §§ 89, 92, 93, also 1273, 1274, 1275, and 1276, and cases cited.

We find ourselves in the position that we cannot say that the admission of the letter in question may not have injuriously affected the defendant Young, nor can we say that the evidence against him, with such letter excluded, is sufficient to sustain the verdict against him.

The defendants, along with their petition for rehearing, present certain affidavits which they claim constitute ground for a new trial because of after discovered evidence, if in the opinion of the court such motion can be entertained. Without meaning to discuss the question of precedent respecting the application for a new trial on the ground of after discovered evidence in an appellate court, or what disposition should be made of a case in such court upon presentation of affidavits of the kind, we think that at least the party accused presenting such motion and affidavits should bring himself strictly within the rule applicable to the granting of new trials upon after discovered evidence, which the petitioners in the case have failed to do.

The judgment, therefore, of the lower court, in so far as it affects the defendant Young, will be reversed, the cause remanded to that court, with instructions to award a new trial therein, such new trial to be proceeded with in accordance with the views herein expressed; and the application of the defendant Angle for a rehearing will be overruled, and the former judgment as to him in all respects affirmed.

PRITCHARD, Circuit Judge (dissenting). After a careful consideration of the petition filed herein for a rehearing, and argument of counsel in support of the same, as well as the brief and argument of the district attorney, contra, I concur in the opinion of the court in so far as it relates to the defendant Young. Notwithstanding the fact that I concurred in the opinion of the court as to the defendant Angle, when this case was before us in the first instance, after a further consideration of the questions involved, I feel impelled to dissent from the judgment of the court in refusing to grant the defendant Angle a new trial. The learned judge who tried this case submitted certain evidence to the jury which in my opinion was incompetent, inasmuch as the defendants are not charged with a conspiracy.

The indictment charges B. F. Sprinkle, H. C. Sprinkle, J. T. Sprinkle, William Young, and T. M. Angle, in the first, third, fifth, seventh, and eighth counts, with violating section 3317, Revised Statutes [U. S. Comp. St. 1901, p. 2164], by engaging in and carrying on the business of rectifiers of distilled spirits with intent to defraud the United States of the tax upon the spirits so rectified by them. The second, fourth, and sixth counts charge the defendants with violating section 3318, Revised Statutes [U. S. Comp. St. 1901, p. 2164], in making false entries upon their books, and the ninth count charges a violation of section 3296 [U. S. Comp. St. 1901, p. 2136] by removing and aiding and abetting in the removal of one cask of distilled spirits on which the tax had not been paid as required by law to a place other than a distillery warehouse as provided by law.

A joint offense being charged in the indictment, it is insisted that the offense was proved by showng the unlawful acts and conduct of J. T. Sprinkle and others. Not only the acts, but the declarations of J. T. Sprinkle and others than the defendant Angle, were offered as evidence, and the court below submitted the same to the jury to be considered in determining the guilt or innocence of all the defendants then on trial. This testimony could only have been properly submitted to the jury as evidence against the defendant Angle upon the theory that he was connected with the Oak Grove Liquor Company, the Milton Liquor Company, and the Reidsville Liquor Company. The mere fact that a joint offense is charged, in the absence of proof connecting the defendant Angle with the offense alleged to have been committed, would not be sufficient to justify the admission of evidence against him as to the acts and declarations of those defendants against whom the evidence was sufficient to sustain a verdict of guilty upon the charges contained in the indictment. This being a case where no conspiracy is charged or shown to have existed, the unlawful acts and declarations of the other defendants would be incompetent as evidence against the defendant Angle. The order of the introduction of testimony is discretionary with the presiding judge, but it is a well-settled rule that where evidence as to declarations and acts of co-defendants is admitted which at the time of its introduction does not show that the defendant (as, in this instance, the defendant Angle) was present or participating in the commission of the unlawful acts necessary to constitute the offense, and where at the close of the testimony the prosecution has offered no evidence to connect the defendant with the

unlawful acts and conduct of his co-defendants, then it is the duty of the court, before submitting the case, to instruct the jury that in determining the guilt or innocence of such defendant they should not consider such evidence. Therefore the evidence as to the declarations and acts of the defendants Sprinkle was incompetent as against the defendant Angle, and the submission of the same to the jury without qualification tended to prejudice the cause of such defendant, and should have been excluded.

To sustain the ruling of the court below, wherein the court admitted as evidence against the defndant Angle the declarations of J. T. Sprinkle and others as a part of the res gestæ, the case of St. Clair v. United States, 154 U. S. 134, 14 Sup. Ct. 1002, 38 L. Ed. 936, is relied upon. In that case the defendants were jointly charged with the murder of the deceased, and the acts, appearances, and declarations of each as to how the homicide occurred were admitted as a part of the res gestæ. The court, in discussing this phase of the question, said:

"Exceptions were taken, at different stages of the trial, to the admission, against the objection of the accused, of evidence as to the acts, appearance, and declarations of Sparf and Hansen. These objections seem to rest upon rhe general ground that the indictment did not charge St. Clair, Sparf, and Hansen as co-conspirators. The evidence was not for that reason to be rejected. St. Clair, Sparf, and Hansen were charged jointly with having killed and murdered Fitzgerald. The acts, appearances, and declarations of either, if part of res gestæ, were admissible for the purpose of presenting to the jury an accurate view of the situation as it was at the time the alleged murder was committed. Circumstances attending a particular transaction under investigation by a jury, if so interwoven with each other and with the principal fact that they cannot well be separated without depriving the jury of proof that is essential in order to reach a just conclusion, are admissible in evidence. These surrounding circumstances, constituting part of the res gestæ, Greenleaf, says, 'may always be shown to the jury along with the principal fact, and their admissibility is determined by the judge according to the degree of their relation to that fact, and in the exercise of his sound discretion: it being extremely difficult if not impossible, to bring this class of cases within the limits of a more particular description.' 1 Greenleaf, Ev. (12th Ed.) p. 108. See, also, 1 Bishop, Crim. Pro., pp. 1083–1086."

The crime was committed on board a ship, and the evidence as to what each defendant said and did at the time the deceased was murdered, and also as to what was said and done in attempting to remove the evidence which tended to show his death while on shipboard, was held to be a part of the res gestæ. Each person against whom evidence was offered was present at the time the unlawful acts were committed and declarations were made of which evidence was introduced. From the very nature of things the acts and declarations of each defendant charged with an offense, it being shown that they were present and participating either by acts or declarations at the time of the commission of the offense, as in the case, supra, such acts and declarations under well-established rules of evidence would be competent as a part of the res gestæ.

The court in the case of St. Clair v. United States, supra, quotes from Wharton on Evidence, p. 259, as follows:

"The res gestæ may be, therefore, defined as those circumstances which are the undesigned incidents of a particular litigated act and which are admissible when illustrative of such act. These incidents may be separated from the act

by a lapse of time more or less appreciable. They may consist of speeches of any one concerned, whether participant or bystander. They may comprise things left undone as well as things done. Their sole distinguishing feature is that they should be the necessary incidents of the litigated act; necessary in this sense that they are part of the immediate preparations for or emanations of such act, and are not produced by the calculating policy of the actors. In other words, they must stand in immediate casual relation to the act—a relation not broken by the interposition of voluntary individual wariness seeking to manufacture evidence for itself. Incidents that are thus immediately and unconsciously associated with an act, whether such incidents are doings or declarations, become in this way evidence of the character of the act."

It will be observed that the distinguished author, in referring to the acts of the defendant when treated as a part of the res gestæ, says that "their sole distinguishing feature is that they should be necessary incidents of the litigated act; necessary in this sense, that they are a part of the immediate preparations for or emanations of such an act, and are not produced by the calculating policy of the actors."

The litigated act in the trial in the case at bar was the running of the business of a rectifier by the defendant Angle with intent to defraud the government or knowingly making false entries while engaged in such business under the names and styles as charged in the indictment. In order to render the acts and declarations of the other defendants competent evidence as a part of the res gestæ against the defendant Angle, it was necessary to show that he was concerned in the unlawful acts as a participant or a bystander, and there is no evidence in the record which tends to show either. The declarations of J. T. Sprinkle would have been competent as against H. C. Sprinkle if he had been on trial, inasmuch as the record discloses the fact that such declarations were in immediate and casual relation with the acts charged against H. C. Sprinkle; but, there being no evidence to show that Angle was either present or participating, such evidence was incompetent to be considered by the jury as against the defendant Angle. If it had been shown by the evidence that the defendant Angle was connected with the commission of the crime—that is, in this case, the unlawful use of low proof stamps and the other unlawful acts charged —then the acts and declarations of the other defendants relating to the same would have been competent evidence as against this defendant, but it does not appear that the defendant Angle was concerned in the unlawful acts as a participant or bystander, and therefore the acts and declarations of his co-defendants were inadmissible as evidence against him. If I am correct as to the rule pertaining to this character of evidence, and it should be excluded on that ground, then there was not sufficient evidence to justify the submission of the same to the jury as to the guilt of the defendant Angle.

In the case of State v. Massey, 86 N. C. 658, 41 Am. Rep. 478, the court, in discussing the amount of evidence sufficient to submit the case to the jury, among other things, said:

"It must be established by evidence that does more than raise a mere suspicion, a conjecture, or possibility, for evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it is so, is an insufficient foundation for a verdict, and should not be left to the

jury." State v. Goodson, 107 N. C. 798, 12 S. E. 329; Coffin v. U. S., 156 U. S. 432, 15 Sup. Ct. 394, 39 L. Ed. 481.

While there are some circumstances shown by the evidence other than the acts and declarations to which I have alluded which might create a suspicion as to the guilt of the defendant Angle, at the same time, this evidence is purely conjectural, and it is not sufficiently definite to show that he was connected with either of the liquor establishments wherein it is alleged that frauds were committed, and therefore would not justify the jury in inferring his guilt therefrom. It is true there was evidence that the defendant Angle had business dealings with the Oak Grove Liquor Company, Reidsville Company, and the Milton Liquor Company, but there is nothing in this evidence to show that there was anything illegally done by him in these transactions. It was not shown that any wholesale liquor dealer's stamp was found in the possession of Angle which had been raised or otherwise altered. Neither was it shown that any packages of distilled spirits in the possession of the defendant were used for the purpose of defrauding the government. So far as it appears from the evidence, the conduct of the defendant Angle in his business transactions with these companies was legitimate and proper. The evidence of the witness W. W. Cooper was chiefly relied upon by the government to secure the conviction of the defendant, but a careful analysis of the same shows that there was nothing in this evidence when considered in the light of all the testimony of this witness to justify the jury in arriving at the conclusion that the defendant was connected with either the Oak Grove, the Reidsville, or the Milton Liquor Company. This is equally true as to the testimony of the witness Satterfield. The acts and declarations of the defendants Sprinkle, in my opinion, being incompetent, I do not think there was sufficient evidence upon which to sustain a verdict of guilty as to the defendant Angle.

The defendant when placed on trial was presumed to be innocent, and this presumption amounted to proof in his behalf, and could not be overcome until evidence was offered which was strong enough to satisfy the jury as to his guilt beyond a reasonable doubt, and, the evidence being purely conjectural and speculative, I think it was the duty of the court to have instructed the jury that there was not sufficient legal evidence to justify them in returning a verdict of guilty, and that it should have directed a verdict of not guilty as to the defendant Angle.