ANGLE et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 6, 1908.)

No. 606.

1. CRIMINAL LAW—APPEAL AND ERROR—AFFIRMANCE—MODIFICATION OF JUDGMENT.

On affirmance of a conviction on a writ of error by the Circuit Court of Appeals, it is the duty of the trial court after it has received the mandates of the Circuit Court of Appeals, in the absence of permission given by the latter to hear an application for a new trial, to see that the judgment is carried into execution.

2. SAME—NEW TRIAL AFTER AFFIRMANCE—NEWLY DISCOVERED EVIDENCE.

Where, in a prosecution for carrying on the business of a rectifier of distilled spirits with intent to defraud the United States of the tax thereon, and for removing and concealing distilled spirits on which the tax had not been paid, there was ample evidence to justify petitioner's conviction, and to show his connection with certain liquor concerns in the business of which the frauds were perpetrated, and such conviction was affirmed on a writ of error by the Circuit Court of Appeals, the judgment would not be modified so as to leave to the trial court discretion to grant petitioner a new trial for newly discovered evidence, that he was not connected with such concern which evidence was available, and must have been known to petitioner at the trial, but was not produced.

In Error to the Circuit Court of the United States for the Western District of North Carolina, at Charlotte.

On petition for modification of judgment. Denied.

William P. Bynum, Jr., and George E. Hamilton (Spencer B. Adams, R. D. Reid, and E. J. Justice, on the briefs), for petitioner.

A. E. Holton, U. S. Atty. (A. H. Price, Asst. U. S. Atty., on the brief), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

GOFF, Circuit Judge. The questions raised by this writ of error have heretofore been disposed of. Sprinkle v. United States, 141 Fed. 811, 73 C. C. A. 285; Id., 150 Fed. 56, 82 C. C. A. 1. The judgment of this court refusing a rehearing to the plaintiff in error, T. M. Angle, was in effect affirmed by the Supreme Court of the United States, by its refusal on the 11th day of March, 1907, to grant the writ of certiorari theretofore prayed for by said petitioner. Thereupon said Angle, on the 9th day of April, 1907, tendered to this court his petition praying for a modification of the judgment entered herein on the 14th day of December, 1906. In his petition the history of this case is set forth, and certain affidavits relating to newly discovered evidence are filed with and made a part of the same. The petitioner asks this court to modify its judgment, so that it will show that, while the judgment of the court below is affirmed, it is remanded with leave to the court below to exercise its discretion in the matter of granting a new trial, on the ground of evidence discovered after the expiration of the term at which the judgment of conviction was entered, and after the cause had been removed to the Circuit Court of Appeals by

writ of error. Under the procedure as now established, in the absence of permission given by this court, it will be the duty of the court below, after it has received the mandate of this court affirming the judgment complained of, to see that the same is carried into execution.

It therefore becomes our duty by an examination of the affidavits in which the after discovered evidence is set forth to determine whether or not the petitioner has presented for our consideration such facts as will authorize us to suggest to the court below the propriety, in the light of the record of this cause, of hearing and of disposing of the motion for a new trial so far as the petitioner Angle is concerned. In the opinion of this court affirming the judgment of the court below (141 Fed. 811, 73 C. C. A. 285), the testimony offered at the trial in which the facts were fully elucidated is stated and commented upon. Do the affidavits now submitted, considered in connection with said facts, justify this court in making the modification requested? It does not appear that it is the intention of the petitioner to present to the court below any testimony other than that included within the affidavits referred to. The petitioner was convicted on an indictment charging that he and others were engaging in and carrying on the business of a rectifier of distilled spirits with intent to defraud the United States of the tax thereon, and for removing and concealing distilled spirits on which the tax had not been paid. The affidavits chiefly now relied upon are those of three of the parties with whom it is alleged the petitioner conspired to defraud the government, one of whom has been convicted and is now serving his sentence; the other two not having as yet been tried. B. F. Sprinkle, who was convicted, in the affidavit made by him states that the petitioner was not either directly or indirectly interested in or connected with the business of the Oak Grove Liquor Company, the Milton Liquor Company, or the Reidsville Liquor Company, the three companies shown by the evidence to have been engaged in the conspiracy to defraud, in connection with which the petitioner was convicted. The affiant, J. T. Sprinkle, against whom the indictment is still pending, swears that the petitioner had no connection and no interest in the Reidsville Liquor Company, and that he, said affiant, was the proprietor, owner, and manager of the same, and he further states that said petitioner was not interested in any manner in the business of the Danville Distributing Agency, in the firm of J. P. Jones & Co., or in the Diamond Distilling Company. H. C. Sprinkle, another affiant, who also is yet to have his trial, makes oath that he was the proprietor, owner, and manager of the Oak Grove Liquor Company, and of the Milton Liquor Company, and that the petitioner had no connection or interest in either of said companies.

One of these affiants was present with the petitioner during the entire trial of this case in the court below, and was with him duly convicted. If his testimony was material, it must have been known to the petitioner during the trial, and should then have been submitted for the consideration of the court and jury. The statement he makes in his affidavit, that the petitioner was not interested in the business of the

liquor companies mentioned, must be considered in connection with other testimony offered during the trial by the defendant in error, tending to show the connection of petitioner with said business. Giving full effect to this affidavit, it simply means that so far as the affiant knew the petitioner was not interested either directly or indirectly in the companies named, and it is not sufficient to overcome the inferences the jury was justified in drawing from the other testimony, and from the circumstances surrounding said case in which the petitioner was clearly shown to have been involved. So far as the affidavits of J. T. Sprinkle and H. C. Sprinkle are concerned. the record clearly discloses that the facts set forth in them must have been known to the petitioner at the time of his trial. And the statements contained therein are not to be taken as conclusive of the facts referred to, but must be weighed in connection with the documentary and other testimony on which the jury rendered their verdict of guilty. The testimony before the jury justified it in finding that the petitioner rented to H. C. Sprinkle the building in which the business of the Oak Grove Liquor Company was conducted, and that he must have known that his said lessee was at least the ostensible proprietor of said company. It also demonstrated that the petitioner was frequently in the possession of the keys of said building, and that he sold therefrom distilled spirits found therein, that he frequently visited said building, and that his familiarity with the conditions surrounding it did not indicate that he was a stranger to the business carried on therein. The evidence further disclosed that the petitioner dealt with the Reidsville Liquor Company, and that he must have known that J. T. Sprinkle was at least an active participant in its management. It is at least suggestive that the petitioner did not when his case was called for trial advise his counsel of the materiality of the testimony of J. T. Sprinkle and H. C. Sprinkle, and that they, learned in the law and of great experience as they are, did not also advise the court, either for the purpose of securing a continuance, or for obtaining a new trial after the verdict of conviction. The record discloses no such proceeding in the court below.

We do not deem it necessary to set forth specifically the testimony of the many witnesses examined before the jury, the tendency of which was to show the connection of the petitioner with the offense of which he was convicted. We are certainly justified in saying that the record discloses that gross frauds were perpetrated upon the government, and that it was defrauded of the taxes due it. Also are we warranted in saying that from all the facts set forth in the record, presented as they were by many witnesses who were subjected to the rigid cross-examination of counsel, that the jury whose province it was to consider said facts, in finding the verdict they did, discharged faithfully the duty imposed upon them.

While it is entirely proper for an Appellate Court, in a case where the facts justify it, to remand a case with leave to the court below to hear a motion for a new trial, or to entertain further proceedings therein, nevertheless, in the case we now consider, we find it to be our

duty to decline to modify the judgment complained of and to deny petitioner's prayer.

Let the usual mandate issue.

PRITCHARD, Circuit Judge. I dissented from the opinion of the court when this case was before us upon the merits affecting the conviction of the defendant T. M Angle and the judgment, but I am in accord with the other members of the court upon the questions presented now, and therefore concur in this opinion.