### SCOTT et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.  November 17, 1908.)

No. 1,521.

1. CONSPIRACY (§ 37*) — CONSPIRACY TO COMMIT CRIME — MERGER OF OFFENSE COMMITTED.

An indictment will lie, under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), for conspiracy to remove distilled spirits on which the tax had not been paid, in violation of Rev. St. § 3296 (U. S. Comp. St. 1901, p. 2136), although it is charged that the purpose of the conspiracy was accomplished.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 68–70; Dec. Dig. § 37.*]

2. CRIMINAL LAW (§ 1192*)—APPEAL AND ERROR—DISPOSITION OF CAUSE—AFFIRMANCE—JUDGMENT.

On affirmance of a judgment of conviction in a criminal case, the Circuit Court of Appeals may, at least with the consent of the United States Attorney, authorize the trial judge to modify the sentence imposed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3231; Dec. Dig. § 1192.*]

In Error to the Circuit Court of the United States for the Northern District of Georgia.

For opinion below, see 139 Fed. 697.

Sion A. Darnell and R. R. Arnold, for plaintiffs in error.

E. A. Angier and Geo. L. Bell, Asst. U. S. Attys., F. C. Tate, U. S. Atty., and John W. Henley, for the United States.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PER CURIAM.  It appears that John N. Scott, Moses Adams, Fred Fields, B. F. Adams, A. Adams, and J. H. Adams were indicted for conspiracy to defraud the United States of internal revenue taxes payable upon large quantities of distilled spirits, and upon trial were convicted and thereupon sentenced as follows: John N. Scott to pay a fine of $1,000 and to be imprisoned in the United States penitentiary at Atlanta for the term of 15 months, Moses Adams to imprisonment in the common jail at Fulton county for the term of 6 months and to pay a fine of $500, B. F. Adams to be imprisoned in the common jail of Fulton county for the term of 1 month and to pay a fine of $100, A. Adams to be imprisoned in the common jail of Fulton county for the term of 6 months and to pay a fine of $100, John Henry Adams to be imprisoned in the common jail of Fulton county for the term of 2 months and to pay a fine of $100, and Fred Fields to be imprisoned in the common jail of Fulton county for the term of 6 months and to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pay a fine of $100. After failure of a motion in arrest of judgment, the said parties sued out this writ of error, assigning some seven different specifications of error on the part of the trial court.

In this court only two assignments of error are insisted upon, as follows: First, that the special demurrer to the indictments should have been sustained, on the ground that the overt acts were not sufficiently pleaded and that the statement of facts constituting the offense were too meager, and that the indictments state only the general conclusions of the pleader; second, that the indictment, on the evidence set forth therein, should have been under section 3296 of the Revised Statutes (U. S. Comp. St. 1901, p. 2136), which makes the offense of removing, and not under section 5440 (U. S. Comp. St. 1901, p. 3676), which merely defines the offense of conspiracy.

Neither one of the assignments relied upon is well taken. The indictment sufficiently charges a conspiracy and the overt act as required by the statute. Offenses under section 3296 and under section 5440 are misdemeanors. That the prosecution was under section 5440, wherein the government assumed the burden of proving a conspiracy, as well as the unlawful removing of distilled spirits, which of itself is punishable under section 3296, cannot have prejudiced the plaintiffs in error. And it may be noted that the government, while able to prove all the defendants guilty of conspiracy, might not be able to prove them all guilty of unlawful removing. It follows that the judgment of the Circuit Court should be affirmed.

And this would be ordered without further remarks, were it not that we have been presented with a petition as follows:

"John N. Scott et al., Plaintiffs in Error, v. United States, Defendant in Error.

"No. 15,921. United States Circuit Court of Appeals, Fifth Circuit.

"To the Honorable the United States Circuit Court of Appeals for the Fifth Circuit:

"The plaintiffs in error in the case above stated petition the court, in case the judgment of the lower court is affirmed, to send the same back with directions to the lower court to exercise its discretion in modifying any sentence which may formerly have been imposed upon the plaintiffs in error.

"The plaintiffs in error represent to the court that the case is a proper one for a modification of the sentence; that the plaintiffs in error are willing to restore any and all taxes which might have been wrongfully withheld from the government; that the case is one under all the circumstances which calls for a modification of the sentence; and plaintiffs in error refer to the entire record in the case as justifying this claim, and also to the uniform good character of the plaintiffs in error.

"[Signed]　　　　　　　　　　　Reuben R. Arnold,
　　　　　　　　　　　　　　　"Attorney for Plaintiffs in Error.

"Service of foregoing application by copy acknowledged, and we agree that the court may, in case the judgment of the lower court is affirmed, pass such order as to the modification of the sentence as to it may seem proper.

"[Signed]　　　　　　　　　　　F. C. Tate,
　　　　　　　　　　　　　　　"U. S. Attorney.
"[Signed]　　　　　　　　　　　John W. Henley,
　　　　　　　　　　　　　　　"Asst. U. S. Attorney."

The suggestion is made that if the case can be remanded to the Circuit Court, with authority to the trial judge to readjust the sentences, a compromise advantageous to both parties can be made. For authority for this court to affirm a sentence and yet remand, with instructions

to the trial judge to exercise his discretion in modifying any sentence formerly imposed, we are referred to the cases of Angle v. United States (C. C. A.) 162 Fed. 264, United States v. Wynn (C. C.) 11 Fed. 57, and Bates v. United States (C. C.) 10 Fed. 92.

Unquestionably cases may arise in which similar authority may well be exercised, if the court has before it (and from the record) the circumstance to warrant action. For instance: If the case shows that a motion for a new trial on newly discovered evidence should be passed upon, or that a sentence is erroneous as beyond the statute, or the trial judge himself suggests that a mistake has been committed which he desires to correct. See section 701, Rev. St. U. S. Perhaps we could grant the relief asked for in this case under the authorities suggested; but we prefer to base our action upon the consent of the government, as shown by the acknowledgment appended to the petition above given.

The judgment of the Circuit Court is affirmed, and the cause is remanded to the Circuit Court, with instructions to the trial judge herein to exercise his discretion in modifying any sentence which has heretofore been imposed upon the plaintiffs in error in this case.