## UNITED STATES v. VANNATA.

(District Court, E. D. New York. April 3, 1923.)

Criminal law ⊕⊶100(3)—Court retains jurisdiction of convicted defendant while at large on bail.

A federal court does not relinquish jurisdiction over a defendant convicted and sentenced to imprisonment by admitting him to bail pending proceedings to review the judgment, and his arrest by a state court on a later process cannot prevent the federal court from carrying its judgment into execution after its affirmance by the appellate court.

Criminal prosecution by the United States against John T. Vannata. On habeas corpus by the United States to recover the body of defendant from the Sheriff of Kings County. Writ granted.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Guy O. Walser, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Philip A. Brennan, of Brooklyn, N. Y., for defendant.

GARVIN, District Judge. The government has obtained a writ of habeas corpus, under which the sheriff of Kings county has produced the body of John T. Vannata, who was in his custody by virtue of an order adjudging him in contempt of the Supreme Court of the state of New York.

Vannata was convicted in the United States Court for the Eastern District of New York on June 30, 1922, upon a criminal charge, and was sentenced to serve 18 months in the federal penitentiary at Atlanta, Ga., and to pay a fine. Thereafter a writ of error was allowed, and he was admitted to bail, pending appeal, in the sum of $10,000. After his conviction he was adjudged guilty of a civil contempt by the state court, and arrested by the sheriff of Kings county while on bail. After that arrest the Circuit Court of Appeals affirmed the conviction (289 Fed. 424), and the order on mandate has been entered in this court. The sheriff has made a return to the writ of habeas corpus, setting forth that Vannata is detained by him by virtue of another writ, to wit, the order of arrest issued in the contempt proceeding in the state court. The United States has filed a traverse to that return, asserting that the order of the state court is ineffective to oust the federal court of jurisdiction.

The question to be determined is whether the release on bail by this court of the defendant Vannata pending his appeal was such a relinquishment of jurisdiction as will permit a state court to take his body for an offense against the state and hold it over the opposition of the government after the conviction in the federal court has been affirmed, and the Circuit Court of Appeals has by its mandate directed this court to carry into effect the sentence heretofore imposed. The tribunal which first obtains jurisdiction holds it to the exclusion of any other until its duty is fully performed. Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287. The status of a defendant, so far as jurisdiction is concerned, is not changed when he is admitted to bail. Netograph Manufacturing Co. v. Scrugham, 197 N. Y. 377, 90 N. E. 962,

27 L. R. A. (N. S.) 333, 134 Am. St. Rep. 886. As Judge Werner there says:

"He [the defendant] is not in actual confinement, it is true; but he is in the custody of his bondsmen, who, by giving bail for him, have been constituted his jailors."

And in Taylor v. Taintor, supra, it is said:

"When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent. They may pursue him into another state, may arrest him on the Sabbath, and if necessary, may break and enter his house for that purpose. The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner."

With the question of jurisdiction thus disposed of, it is clearly the duty of this court, when the mandate of the Circuit Court of Appeals is filed, to see that the judgment heretofore imposed is carried into execution. Angle et al. v. U. S., 162 Fed. 264, 89 C. C. A. 244.

The writ is sustained. Vannata will be delivered into the custody of the marshal of this district, who will carry into effect the sentence of the court.