BARKDULL, Chief Judge.
This matter came on for hearing upon the filing of an “application for constitutional writ” by the appellant, together with the transcript of certain proceedings in the trial court, [which proceedings and related matters have been supplemented by additional documents, pleadings, orders, etc., filed prior to determination of this cause].
It appears from the record before this •court, as supplemented, that this action arises out of a chancery suit instituted by the •appellee, Lorenz, seeking declaratory relief •allegedly under Ch. 742, Fla.Stat., F.S.A.
Ancillary to these proceedings, the chancellor issued a writ of ne exeat, conditioned upon a bond of $300,000.00, instructing the Sheriff of Dade County [the appellant, Buchanan] to take the appellee, Jimenez, into custody in lieu of the posting of said $300,000.00 bond. However, it appears that prior to the institution of the aforesaid chancery proceedings and the issuance of the writ of ne exeat, the appellee, Jimenez, [who was the subject of an extradition proceeding instituted by the Venezuelan Government] was then being detained by the appellant, Buchanan, pursuant to a contract with the United States Government wherein the aforesaid Buchanan acted as custodian for persons under Federal detention. Although the effectiveness of the service of this writ is not presently before this court, there is a serious question as to the propriety of this service as it appears from this record that the Federal detention was first in point of time. See: Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; United States v. Vannata, 290 F. 212; 22 C.J.S. Criminal Law § 145, p. 388.
Subsequent to the issuance of the writ of ne exeat and the sheriff having returned service thereon, the United States Government demanded the appellant, Buchanan, [in his capacity as custodian of the person under Federal detention] to deliver the ap-pellee, Jimenez, to the Federal Marshal. The appellant, in addition to being the Federal Custodian also being the Sheriff of Dade County, filed a petition seeking to have the chancellor instruct him as to what course to pursue, in view of the situation whereunder the appellant held the appellee, Jimenez, in the first instance as a Federal Custodian and in the second instance as the Executive Officer of the Circuit Court in and for Dade County, Florida.
Upon this petition coming on for hearing, the chancellor entered the following order:
“1. The complaint in this cause is dismissed, and the writ of ne exeat issued herein on August 7, 1963, is hereby discharged and vacated.
*726 “2. Upon consideration of the oral application by plaintiff for a supersedeas pending an appeal, the force and effect of this order is hereby stayed pending a review thereof.
“3. The Sheriff of Dade County is directed to retain custody of the defendant, MARCOS PEREZ JIMENEZ, under said writ of ne exeat pending appellate review. The Sheriff is authorized and directed forthwith and immediately to take such action, through the County Attorney, as may be reasonably required to obtain a prompt review of this order.”
Pursuant to the command in the last sentence of the above quoted order, the sheriff promptly attempted to comply therewith by filing a notice of appeal and seeking the ancillary relief here under consideration, and bringing the order to the attention of this court. The various appel-lees have filed motions to quash and motions to dismiss directed both to the notice of appeal and the application for constitutional writ. The principal ground of objection therein is that the Sheriff of Dade County is not a proper party appellant, in this proceedings. Rule 3.11, Florida Appellate Rules, 31 F.S.A., reads in part as follows: “Any party who shall feel aggrieved * * may take an appeal * * * Obviously, although a sheriff may be a party to certain proceedings, he was not a party to the instant proceedings in the trial court and merely acted in his capacity as Executive Officer [Sec. 26.49, Fla.Stat., F.S.A.] of the Circuit Court in and for Dade County, Florida, in receiving and attempting to execute the writ of ne exeat. The court itself would not be a proper party to seek appellate review of its own judgments orders or decrees, and it should not be empowered with the authority to direct its executive officer to seek appellate review of its orders, judgments or decrees. In this connection, see: McCloskey v. Renfro, 1936, 47 Ariz. 534, 57 P.2d 1140. To permit the chancellor to direct one not a party to a cause to take an appeal would be to allow an enlargement of the Florida Appellate Rules, contrary to the provisions of the Constitution of the State of Florida, which places the sole power to promulgate rules of procedure in the Supreme Court of Florida. See: Art. V, § 3; Cramp v. Board of Public Instruction of Orange County, Fla.1962, 137 So.2d 828.
Therefore, it appearing that the appellant in this cause is not a proper party to prosecute an appeal from the order here under review, this appeal be and the same is hereby dismissed. Said dismissal is not to be construed as any ruling on the merits or propriety of the order dismissing the complaint and the cause or the original issuance of the writ of ne exeat. All other motions filed by the several parties, not specifically referred to herein, be and the same are hereby denied.
Appeal dismissed.