279 So.2d 88 (1973)
TRANSPORTATION MANAGEMENT COMPANY et al., Appellants,
v.
Elbert J. DRUCK, Appellee.
No. 72-49.
District Court of Appeal of Florida, Fourth District.
June 8, 1973.
Rehearing Denied July 6, 1973.
*89 John A. Gentry, III, Moyle, Gentry, Jones & Flanigan, West Palm Beach, for appellants.
Ellen S. Mills, Kirsch, Druck & Mills, Ft. Lauderdale, for appellee.
OWEN, Judge.
In a suit on a promissory note, plaintiff recovered judgment following non-jury trial, and the defendants (together with a non-party to the suit) have appealed.
Appellant, Transportation Management Company, although the maker of the promissory note, was never a party to the action. Having no standing in the case, this appellant is dismissed by the court on its own motion.
Appellant, Transit Company of the Palm Beaches, one of the defendants against whom the joint and several judgment was entered, was not a party to the note (executed in 1962) and was neither primarily nor secondarily liable thereon. We find no evidence in the record to support the conclusion that this appellant was a successor to Transportation Management Company, or was its alter ego, or had ever *90 assumed any liability for payment of the note. This appellant's motion for judgment in its behalf, made at the close of all of the evidence, should have been granted. The judgment is reversed as to Transit Company of the Palm Beaches.
Appellant-William H. Goodfriend, a principal in Transportation Management Company, had guaranteed payment of the note by his personal endorsement thereon to that effect. The note was in the principal amount of $10,000 with interest payable monthly at the rate of 10% per annum, and deferred interest at the rate of 15% per annum. Monthly interest payments were made regularly as due from April, 1962 up to and including June, 1966. The final judgment entered was for the principal sum of $10,000.00, plus interest from June, 1966[1] at the rate of 15% per annum, together with costs and attorneys' fees. Goodfriend contends here that (a) the transaction was usurious because of $8,000.00 in additional interest he paid in cash to appellee during the three-year period of 1962, 1963 and 1964; (b) alternatively, that such payment at the least should have been credited against the principal balance; (c) that under F.S. Section 687.11(1), F.S.A., Goodfriend, as guarantor, would have no liability for interest in excess of 10% per annum; and (d) the allowance of an attorney's fee to appellee in the sum of $5,000.00 was unreasonable and unconscionable.
The first three of these points are without merit. Appellee testified that he received cash payments of $6,500.00, not $8,000.00, during the three-year period. He also testified that only $1,000.00 of that amount was a "bonus" in connection with this particular loan, the remainder of the money being "gifts" or "bonuses" in reference to various other loans which appellee either had made to or had obtained for Goodfriend's various business enterprises. Goodfriend himself confirmed that during this period of time he had made similar gifts to appellee in connection with such other loan transactions. The amount of cash payments received by appellee, and the purpose for which they were paid by Goodfriend, were fact issues. The trial court as trier of fact obviously accepted appellee's version of the amount and purpose of such payments. As to appellant's contention that F.S. Section 687.11(1), F.S.A. limits his liability as a guarantor, this must fail because that statute became law in 1965 and could not affect appellant's liability incurred in 1962.
We feel that there is merit in appellant's contention that the attorney's fee awarded plaintiff-appellee is unreasonable. This was a relatively uncomplicated suit on a promissory note, and it is evident from the record that the suit required neither unusual skill nor an extensive amount of time. We conclude that an award of $2,500.00 to plaintiff as allowance for reasonable attorney's fee is proper.[2] The final judgment is modified by reducing the amount of attorney's fee awarded plaintiff to the sum of $2,500.00, and as thus modified, the judgment is affirmed as to Appellant-William H. Goodfriend.
Affirmed in part; reversed in part.
WALDEN and MAGER, JJ., concur.
NOTES
[1] Although the final judgment recited that interest was awarded from June 4, 1969 it is obvious that the amount awarded as interest, $7,859.36, was computed from June 4, 1966, in accordance with the evidence and the stipulation of counsel at trial.
[2] We are concerned here only with the amount awarded against defendant, not with any contractual obligation which plaintiff may have to his lawyer.