289 So.2d 710 (1974)
William H. GOODFRIEND, Petitioner,
v.
Elbert J. DRUCK, Respondent.
No. 44144.
Supreme Court of Florida.
January 10, 1974.
Rehearing Denied March 8, 1974.
John A. Gentry, III of Moyle, Gentry, Jones & Flanigan, West Palm Beach, for petitioner.
Michael A. Nuzzo of Kirsch, Druck & Mills, Fort Lauderdale, for respondent.
McCAIN, Justice.
This cause arose on a petition for writ of certiorari to the District Court of Appeal, Fourth District, alleging conflict jurisdiction. We have jurisdiction pursuant to Article V, § 3(b)(3), of the Florida Constitution, F.S.A.
This action involves a suit on a $10,000 promissory note made by Transportation Management Co. in 1962 and guaranteed by the petitioner, Goodfriend, individually. The note bore interest at a rate of 10% per annum and with deferred interest of 15% per annum from maturity until paid. Respondent sought a judgment for the amount of the promissory note, $10,000 together with interest at the rate of 15% per annum from June 4, 1966 through the date of the judgment.
Between April, 1962 and June, 1966, interest payments of $83.33 per month (10% per annum) were paid to the respondent. In addition, petitioner contends that $8,000 was paid which if not characterized as payments toward the principal, would constitute usurious interest as defined in Fla. Stat. §§ 687.03 or 687.071 (1971), F.S.A. The trial court entered judgment in favor of the plaintiff/respondent, ordering the defendant to pay the plaintiff $10,000 plus interest at the rate of 15% per annum, plus attorney's fees. The District Court affirmed in part and reversed on the issue of the amount of attorney's fees. We granted certiorari.
The first question raised by the petitioner, whether the petitioner has sustained the burden of proof as to the question of usury, *711 has been adequately addressed by the District Court, and we find no error with their determination.
Petitioner's second contention is that an individual guarantor of a corporate promissory note cannot be liable for interest at the rate of 15% per annum upon maturity or acceleration of the note by the holder. Florida Statutes § 687.11(1)(1971), F.S.A. states:
"687.11 Interest rates; individuals secondarily liable on corporate obligations. 
"(1) No individual secondarily liable as endorser, guarantor, surety, or otherwise on any corporate obligation shall be required, in any proceeding for collection of interest in the courts of this state, to pay any interest in excess of ten (10%) per cent per annum, and any interest claimed therein against such individual in excess of ten (10%) per cent per annum shall be forfeited; and no corporation, in any such proceeding in the courts of this state where the interest is proven to exceed fifteen (15%) per cent per annum, shall be required to pay any interest, and in such event all interest shall be forfeited."
As to this contention, the District Court held:
"... As to appellant's contention that F.S. Section 687.11(1), F.S.A. limits his liability as a guarantor, this must fail because that statute became law in 1965 and could not affect appellant's liability incurred in 1962."[1]
This is clearly error. This Court held in Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (1966) that an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition. The reason for this is that an action predicated upon remedies provided by usury statutes created no vested substantive rights, only enforceable penalties. Such penalties or forfeiture are not immune from statutory repeal or modification.[2]
Since the law changed between the execution of the promissory note and the appellate review, the appellate court was bound by the interest rate set forth in Florida Statute § 687.11(1) (1971), F.S.A. For this reason, we affirm in part and reverse in part on the issue of the interest rate charged against the petitioner.
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD and DEKLE, JJ., concur.
NOTES
[1] Transportation Management Co. v. Druck, 279 So.2d 88, 90 (Fla.App. 1973).
[2] Tel Service Co. v. General Capital Corp., 227 So.2d 667 (Fla. 1969); Wilensky v. Fields, 267 So.2d 1 (Fla. 1972).