ON MOTION TO DISMISS
PER CURIAM.
This is a motion to dismiss an appeal taken by the Department of Health and Rehabilitative Services [HRS] from three trial court orders adopting, respectively, three master’s reports, filed after eviden-tiary hearings. These reports, which the trial court orders adopt, recommend that the respondents Ronald Simon, Nancy Reid and Angel Navarro be involuntarily admitted, as being developmentally disabled by virtue of being mentally retarded, to residential services provided by HRS pursuant to Section 393.11, Florida Statutes (1985). Without dispute, HRS did not, through any of its employees, file the involuntary admission petition below as the statutory peti *1160 tioning committee. This being so, we conclude that HRS is not a party to this proceeding and has no standing to perfect an appeal from these orders. See, e.g., Jaffer v. Miami Beach Redevelopment Agency, 392 So.2d 1305 (Fla.1980); Salomon v. Taylor, 50 Fla. 608, 39 So. 48 (1905); Transportation Management Co. v. Druck, 279 So.2d 88 (Fla. 4th DCA 1973), aff'd. in part and rev’d. in part on other grounds sub nom. Goodfriend v. Druck, 289 So.2d 710 (Fla.1974); Buchanan v. Jimenez, 155 So.2d 724 (Fla. 3d DCA 1963).
We reject HRS’ contrary contentions that it has standing to contest these orders, although not a technical party below, because they are “affected” by the said orders and allegedly have no resources to comply with same because HRS has a bureaucratically determined waiting list of “more worthy” voluntary patients “ahead” of these involuntary commitments and therefore cannot house the subject involuntary commitments. Even if true, these considerations cannot confer party status on HRS, as plainly HRS’ remedy, if any, in this situation is to seek adequate funding from the legislature for the services it is legislatively mandated to provide. This issue, we think, is a question for the legislature, not the courts, to resolve.
We are equally unpersuaded by the remaining contentions of HRS. In particular, we reject the argument that HRS’ statutory obligation to “inform the court of all available services for the person” under Section 393.11(3)(e), Florida Statutes (1985), in any way confers party status on HRS in proceedings of this nature. We also reject HRS’ contention that the respondents “consented” to HRS becoming a party below as the record is utterly devoid of any such showing; indeed, HRS was never made a party in the trial court at all, but was only allowed to make a proffer for appellate purposes.
Inasmuch as HRS is not a party to the proceedings herein, we dismiss its appeal from the three orders under review.
Appeal dismissed.