## HOLMES et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1920. Rehearing Denied June 6, 1920.)

No. 3449.

1. Criminal law ⬅13—Statute punishing stealing of arms void for uncertainty of punishment.

Criminal Code, § 36 (Comp. St. § 10200), providing that whoever shall steal arms or stores, etc., furnished for the army or navy, "shall be punished as prescribed in the preceding section," *held* inoperative as a criminal statute for uncertainty as to the punishment prescribed; the preceding section prescribing different punishments for different offenses therein defined.

2. Conspiracy ⬅47—Larceny ⬅55—Evidence sustaining conviction for conspiracy and stealing arms.

A conviction for conspiracy to steal arms furnished for the army, and for stealing such arms, *held* sustained by evidence tending to show that defendant, through another, induced soldiers to commit the thefts for purpose of procuring the arms to be illegally carried by him into Mexico.

3. Conspiracy ⬅47—Sufficiency of evidence to sustain charge.

Evidence *held* to sustain a conviction for conspiracy to export arms to Mexico without license.

4. Criminal law ⬅1169 (5)—No error in admitting evidence competent as to some defendants, where court instructed jury as to bearing on other defendants.

Error cannot be predicated on the admission of evidence which is competent and admissible as to some of the defendants being tried together, where the jury is correctly instructed as to its bearing on the other defendants.

In Error to the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Criminal prosecution by the United States against George Holmes and Frank Miller. Judgment of conviction, and defendants bring error. Affirmed.

Certiorari denied 254 U. S. ——, 41 Sup. Ct. 13, 65 L. Ed ——.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Leander A. Dale and F. G. Morris, both of El Paso, Tex., for plaintiffs in error.

W. H. Fryer, Asst. U. S. Atty., and Edmund B. Elfers, Sp. Asst. U. S. Atty., both of El Paso, Tex.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

CALL, District Judge. The plaintiffs in error, with three other persons, were tried in the United States District Court for the Western District of Texas at the April term, 1919, of the El Paso Division, on two indictments consolidated. One of the indictments charged in the first count a conspiracy to steal certain arms and ammunition, the property of the United States; in the second count a conspiracy to export arms and ammunition without a license to export same. The other indictment charged the theft of certain described arms and ammunition. On the trial all the defendants were convicted. The date alleged in the conspiracy counts is the 17th day of December, 1918. The dates alleged in the theft counts are December 18th, 22d, and 23d, respectively, in the first, second, and third counts. Holmes and Miller pleaded not guilty, and this writ of error was sued out by them, the other three defendants not joining.

The government's testimony shows that Miller, Stalder, Harrell, and Minahan were acting together in stealing certain arms and ammunition from supply tents of certain companies of United States troops, and the tendency of that testimony is to show that Holmes was engaged in running stuff into Mexico to be used by Villa. It also tends to prove that Miller was cognizant of Holmes' plans, and that the other defendants were also informed on this point, and that the arms and ammunitions were stolen for and delivered to Holmes after the thefts, under such conditions as would charge them with such knowledge. Two of the defendants, Stalder and Minahan, were enlisted men, wearing the uniforms of their respective branches of the service. Holmes was cognizant of the fact, at least as to one of them. The relations between Holmes and Miller negative the idea that Holmes was not fully informed of the transactions. The testimony of the conversations with Miller by the other defendants indicates his full knowledge and participation in Holmes' plans.

There are five points urged in brief for Holmes; separate briefs being filed by the two plaintiffs in error. A discussion of the points urged in the brief for Holmes will dispose also of the points urged in behalf of Miller.

[1] The first contention is that defendants were indicted for a conspiracy to violate, and the violation of, section 47 of the Penal Code (Comp. St. § 10214) in the first count of one indictment and the three counts of the other indictment, that the proof showed a violation, if any, of section 36 of the Penal Code (sec. 10200) and that section 36, being a special provision as to certain specified property, supersedes section 47, which is general, covering all property. This principle is recognized by the court, and, if the contention of plaintiffs in error

can be applied in this case, error was committed by the trial court, and the jury should have been instructed as requested.

The trial court took the view that section 36 was inoperative as a criminal statute because of the indefiniteness of the punishment prescribed; in fact, that no punishment was in fact prescribed. Section 36 of the Penal Code reads as follows:

"Whoever shall steal, embezzle or knowingly apply to his own use or unlawfully sell, convey or dispose of any ordnance, arms, ammunition, clothing, subsistence, stores, money or other property of the United States furnished or to be used for the military or naval service, shall be punished as prescribed in the preceding section."

Section 35 (Comp. St. § 10199) defines a number of offenses for making false claims, etc., by officers civil or military against the United States, and prescribes the punishment therefor of a fine not exceeding $5,000, or imprisonment of not more than five years, or both. It then proceeds to define certain other crimes, prohibiting the purchase or receiving in pledge of certain obligations, etc., from soldiers and sailors, etc., and affixes as punishment to these last-mentioned offenses a fine of not more than $500 and imprisonment of not more than two years.

In order that the contention of plaintiffs in error should prevail, it is necessary that section 36 should be a valid, existing law. It is undoubtedly the law that a valid criminal statute should be certain in its terms, and not leave uncertain the acts intended to be prohibited or the punishment to be inflicted thereunder. The punishment in the event of conviction must be as certain as any other provision of the statute. 16 Corpus Juris, 68. In the instant case, who can say what punishment the lawmakers intended? The section itself is silent as to that punishment, and refers us to section 35 to ascertain it. When we look at the last-named section, we find two punishments prescribed of very different severity: One, a fine of not more than $5,000 or imprisonment of five years, or both; and the other a fine of not more than $500 *and* imprisonment of not more than two years. It is contended for both plaintiffs in error that the lesser punishment must have been intended, because the subject-matter of the last portion of the section is germane to the subject treated of in section 36. But this contention is in our judgment untenable. In a criminal statute the citizen must not be left in uncertainty or to speculation or argument as to what acts constitute a violation, or what punishment, if any, is visited upon a violation when the terms are definite. There was no error in the view taken by the trial court.

[2] It was also urged on the part of Holmes that the charge should have been given, for the reason that there was no evidence to convict him of the charge of conspiracy to steal arms and ammunition, and no evidence connecting him with the theft. A conspiracy, in so far as this case is concerned, may be defined to be a combination or agreement between two or more persons to violate a law of the United States, and doing by one or more of the parties of an overt act or acts to carry such design into effect. No formal agreement between the parties to do the act charged is necessary. It is sufficient that the minds of the parties meet understandingly, so as to bring about an intelligent and

deliberate agreement to commit the offense charged, although such agreement is not manifested by any formal words. 12 Corpus Juris, 544. A person coming into a conspiracy after its formation is deemed in law a party to all acts done by any of the other parties, either before or after, in furtherance of the common design. 12 Corpus Juris, 579. This combination, this acting from a common design, may, and in most cases must, be shown by the circumstances, acts of the parties, etc., of the particular case, from which the common purpose is deduced. There must be participation, intentional, in the transaction, with a view to the accomplishment of the common design. Mere knowledge or acquiescence, without this participation, is not sufficient to make one a conspirator.

Testing this case by these considerations, could the court have charged the jury that there was no evidence before them from which they could find that Holmes was guilty of the conspiracy charged, or connecting him with the thefts proven? We think not. The testimony, after a careful consideration, impresses us with the view that Holmes, through Miller, induced the two soldiers to commit the thefts for the purpose of procuring the arms and ammunition, with the intention of exporting it to Mexico without license. It cannot well be said, in the light of Holmes' knowledge that the parties from whom the arms and ammunition were to be procured were United States soldiers, enlisted men, men who were in position to commit the thefts, and the secrecy of deliveries, the hiding after delivery, his knowledge before such deliveries and arrangements to receive them, his dealings with Miller, payment of moneys, his statement before at least one of the soldiers of his desire to procure arms, etc., all point indubitably to our minds to his active participation in the conspiracy to steal, and inducing and procuring the soldiers to commit the thefts, and this would make him guilty under the first count for conspiracy and the counts for the thefts, provided the jury believed the testimony. There was no error in refusing the charges requested.

[3] It is next urged on behalf of Holmes that the court should have instructed the jury that he could not be convicted on the second count, charging conspiracy to export arms to Mexico without license. As we understand the contention, it is not questioned that this was the intention of Holmes, but that there was no proof to show that it was participated in by any of the other defendants. This is untenable. The statements of Miller show his knowledge of Holmes' intentions, the object for which the arms, etc., were procured, etc. All of the defendants seem to have been informed of the purpose and destination of the arms, and by their acts were aiding in accomplishing that object. It is of no moment that the object was defeated by the action of the authorities in recovering them before actual exportation. There was no error in submitting the second count to the jury.

What we say above also disposes of the second contention on the part of Miller.

[4] This disposes of all the contentions of Holmes, except his sundry objections reserved in the record to testimony of witnesses of what Miller had said during the continuance of the conspiracy and the state-

ment made by Miller after his arrest. The court recognized the correctness of Holmes' contention, and charged the jury specifically on the points. The testimony in each case was admissible against the defendant Miller. Its effect and bearing upon Holmes could be controlled only in the court's charge, and was done, and correctly. Error cannot be predicated upon the admission of competent and admissible testimony as to some of the defendants, especially where the court correctly instructs the jury as to its bearing upon the question of the guilt or innocence of other defendants.

Finding no reversible error, the judgment is affirmed.