## HOLMES v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 2, 1920.)

No. 3513.

1. **Courts ☞337—Federal procedure follows common law.**
   In the absence of statute, courts of the United States will observe the common-law procedure in criminal cases, as modified by the law of the state in which the trial is held at the time that state was admitted into the Union.

2. **Perjury ☞6—May be predicated on false oath to application for continuance.**
   By the common law and the law of Texas when it was admitted as a state, applications for continuance in criminal cases were required to be supported by oath, and a prosecution for perjury under Rev. St. § 5392 (Comp. St. § 10295), may be based on a false oath to such an application in a federal court in Texas, which follows that procedure.

3. **Conspiracy ☞45—Testimony showing nonparticipation of defendant held admissible.**
   Testimony *held* material in a prosecution for conspiracy which would tend to impeach a witness for the government and to show that a defendant was not in the conspiracy.

4. **Perjury ☞32(2)—Evidence admissible to show that defendant knew that statement would not be true.**
   In a prosecution for perjury in making false oath to an application for continuances containing statements of what would be testified to by an absent witness, evidence tending to show that defendant knew that such testimony, if given, would not be the truth, *held* admissible on the issue as to whether defendant believed his statement to be true.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Criminal law ⬪1044—Admission of evidence not objected to not error, in absence of motion to strike out.**

Admission without objection of evidence which was subject to be stricken out, if not subsequently connected with defendant, *held* not reversible error, where no motion to strike it out was made.

**6. Criminal law ⬪878(2)—General verdict, under indictment containing two counts, good.**

Under an indictment for perjury containing two counts, both good, the verdict may be general.

In Error to the District Court of the United States for the El Paso Division of the Western District of Texas; W. R. Smith, Judge.

Criminal prosecution by the United States against George Holmes. Judgment of conviction, and defendant brings error. Affirmed.

Frank G. Morris, of El Paso, Tex., for plaintiff in error.
E. B. Elfers, Sp. Asst. U. S. Atty., of El Paso, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff in error was convicted of perjury in making a false affidavit in support of a motion for continuance in another prosecution, reported in 267 Fed. 529, pending against himself and others, for conspiracy to steal certain arms and ammunition from the United States and to export the same without license. This affidavit contained two statements which the indictment charges were false. These statements are as follows:

(1) "That on the 2d day of February, A. D. 1919, he, the said Amado Carmono, was at the house of one Francisco Lopez, and that on said day Francisco Lopez told Amado Carmono, the said Amado Carmono being then and there about to go to San Ignacio, in Mexico, to notify for him, said Francisco Lopez, the commander of the Carranza troops or the Carranza river guards, that he, the said Lopez, had obtained for them the guns mentioned that he, said Lopez, had been asked to get, and to request said commander to send for said guns and ammunition as soon as possible, or to tell him to take said property, and that said witness, Amado Carmono, would further testify that the said Lopez told him, the said Carmono, at the said time and place, that he had obtained said guns and ammunitions for one Dick Harrell and two soldiers of the United States army, and that he had them there in his possession, since he obtained them from said parties, and that said property had been in his possession for some 10 or 12 days, and that he had held said property so long that he was getting uneasy."

(2) "That one Salvador Cano, a witness for the government, just before leaving the premises of the said George Holmes with one Dick Harrell, a codefendant of said Holmes in said cause, on the night of January 22, 1919, the said Cano admonished the said Francisco Trujillo that under no circumstances should he let the defendant Holmes know that said Dick Harrell had been at the premises of the said Holmes that night, and should not let Holmes know that he, the said Cano, had gone out with the said Harrell, and further that the said witness Francisco Trujillo would testify that he told the defendant Holmes of the fact that Cano, who was a chauffeur for the defendant Holmes, had left the premises on said night with said Harrell, and further that said witness Cano would testify that thereupon said Holmes called the said Cano into his presence and rebuked him for having people call at the house in the nighttime, and threatened to discharge said Cano if his conduct was repeated." .

The affidavit also alleged that Lopez and Cano would appear as witnesses for the government.

⬪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
269 F.—7

The first count of the indictment alleges that the first of the above statements was material, in that it would discredit the testimony of Lopez, and operate to procure a continuance of the conspiracy case. It was further alleged that the second statement above quoted was material, in that Cano would testify to the commission of certain overt acts by plaintiff in error in furtherance of the conspiracy, and would deny he had been rebuked or admonished by plaintiff in error.

There is practically no difference in substance between the two counts of the indictment. The matters set up in the first count were pleaded in the second count by reference, and their materiality was alleged to lie in the fact that plaintiff in error would thereby be enabled to procure a continuance of the prosecution pending against him. Carmono and Trujillo were present at the trial of plaintiff in error and his codefendants upon the charge of conspiracy, but were not called upon to testify.

It is not contended here that the evidence was insufficient to sustain the indictment, and therefore it becomes unnecessary to state what it was. The assignments relate wholly to the sufficiency of the indictment, and to the admissibility of certain evidence admitted over the objection of plaintiff in error.

[1] 1. It is contended that the indictment charges no offense against the laws of the United States. The basis of this contention is that an oath or affidavit in support of an application for continuance is not required by any law of the United States in a criminal case, and therefore that the fact that such application was sworn to is immaterial. It is true, of course, that section 914 of the Revised Statutes (Comp. St. § 1537), which conforms the federal practice to that of the state in which the trial is held, has no reference to criminal cases. Perjury must be based upon a law of the United States authorizing an oath to be administered. Revised Statutes, § 5392 (Comp. St. § 10295). There is no statute of the United States requiring that a motion for continuance be supported by oath or affidavit. However, it by no means follows that federal courts are without authority of law to require an oath or affidavit in support of a motion for continuance. In the absence of statute, the courts of the United States will observe the common-law procedure in criminal cases, as modified by the state in which the trial is held, and as of the date that state was admitted into the Union. U. S. v. Reid, 12 How. 361, 13 L. Ed. 1023; Logan v. U. S., 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429.

[2] It is conceded that, at the time Texas became one of the states of the Union, its laws required applications for continuance to be supported by oath. And it was so at common law. Reg. v. Savage, 1 C. & K. 75. Smith v. Barker, Fed. Cas. No. 13,010. This rule was adopted by this court, with reference to the competency of evidence, in the case of McCoy v. United States, 247 Fed. 861, 160 C. C. A. 83, and is clearly applicable to motions for continuance. The demurrer to the indictment and the motion in arrest of judgment were therefore properly overruled and denied.

[3] 2. Plaintiff in error next insists that the testimony of the absent witnesses, Carmono and Trujillo, were immaterial to the issue in-

volved in the prosecution for conspiracy. In conspiracy cases, testimony usually takes a wide range, and may be material, although it is not directed to the main issue. Tested by this rule, the testimony, which plaintiff in error stated he expected Carmono to give, would be material, not only because it would impeach Lopez, but also for the reason that it would tend to exculpate plaintiff in error. The purported testimony of the absent witness Trujillo would have been material, in view of the fact that it would tend to show that plaintiff in error was not in the conspiracy to steal or export arms and ammunition, and that Cano was acting in furtherance of the conspiracy without the knowledge or consent of plaintiff in error.

[4] 3. At the trial of the case at bar, Francisco Lopez testified that plaintiff in error told him to hide the arms and ammunition and some clothing which had been stolen from the government. This testimony was objected to on the ground that original evidence was inadmissible, and that the evidence should have been limited to a denial of the conversation set forth in the affidavit for continuance. It must be remembered that plaintiff in error's belief in the truth of the statement contained in the affidavit was one of the issues involved. The testimony was admissible, because it tended to show that the statement contained in the affidavit was false, and that consequently plaintiff in error had no reason to believe, and therefore did not believe, it was true, or that Carmono would testify that it was. Lopez's testimony was limited, by the court in its charge to the jury, to the question of whether plaintiff in error believed that statements contained in the affidavit were true.

[5] 4. Testimony was admitted to the effect that plaintiff in error's wife furnished the witness Trujillo with money to go to Mexico. Plaintiff in error did not immediately object to the question eliciting this testimony. It was properly admitted, but was subject to be stricken upon failure to show, by other evidence, either that plaintiff furnished the money, or knew that it had been furnished. Whether this evidence was afterwards connected up is not made to appear, because the bill of exceptions does not purport to bring up the entire evidence. Neither would error be made to appear if the entire evidence were before us, in the absence of a further showing that a motion was made to strike out this objectionable testimony at the close of the evidence.

5. It is assigned as error that the district attorney asked the plaintiff in error, on cross-examination, whether he testified in the conspiracy case. The question should not have been asked, in view of the fact that the court had ruled out a similar question twice before. It was highly improper for the district attorney to continue to ask questions which, in the view of the court, were objectionable. However, the objection to the question was sustained, plaintiff in error did not make any motion, or apply to the court to do anything more, and therefore there is nothing in the record upon which an assignment of error can be based.

[6] 6. The verdict of the jury did not specify either count of the indictment, but was general; and this is the final assignment of error.

The prosecution was for the one offense of perjury, and the law applicable to general verdicts upon indictments charging several offenses is not in point, where there is one good count and the offense is single. In such a case a general verdict would be referred to the good count. C. J. 1106; Johnson v. United States, 215 Fed. 679, 131 C. C. A. 613, L. R. A. 1915A, 862. And where both counts are good, and the charge is single, the verdict may be general.

Reversible error is not made to appear by any of the assignments of error, and the judgment is therefore affirmed.