## FULLER v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 11, 1922. Decided April 3, 1923.)

### No. 3819.

1. **Indictment and information ⟨⟩99—Instrument set out in defective first count can be incorporated by reference in subsequent count.**

It is proper to dispense with repetition in the second count of an indictment by referring to an instrument set out in the first count, and the second count is to be construed as though the instrument referred to were set out in it, even though the first count was defective, so that a count for uttering a forged note, which was set out in the first count, was good, though the first count failed properly to charge forgery of the note under evidence showing the note was not completed at the time of the alleged forgery of the indorsement.

2. **Forgery ⟨⟩32—Indictment for uttering forged instrument need not allege acts constituting the uttering.**

An indictment charging defendant with knowingly uttering a forged instrument was not defective because it failed to state the acts claimed to constitute the uttering.

3. **Criminal law ⟨⟩406(5)—Evidence held to show statement attacked related to conversation previously admitted.**

Where a witness had testified to a conversation with defendant concerning a forged indorsement, in which defendant stated that the indorser had denied it was his signature on the note, testimony by the same witness as to another conversation with defendant on the same day, during which defendant stated he would not pass through what he had gone through the previous months for anything, was so connected with the former statement that it was fairly inferable that both conversations related to the same subject-matter.

4. **Criminal Law ⟨⟩693, 695(4)—Objection to evidence should be made when it is offered, and grounds of objection stated.**

The general rule is that objection to the admissibility of evidence in a criminal prosecution should be made at the time the evidence is offered, and the grounds for the objection stated.

5. **Criminal law ⟨⟩696(5)—Motion to strike evidence admitted without objection is addressed to trial court's discretion.**

When evidence is received without objection by accused, a subsequent motion to strike is addressed to the discretion of the trial court.

Appeal from the Supreme Court of the District of Columbia.

Benjamin F. Fuller was convicted of knowingly uttering a forged instrument, and he appeals. Affirmed.

Henry E. Davis, of Washington, D. C., for appellant.

Peyton Gordon and Vernon E. West, both of Washington, D. C., for the United States.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice (sitting in place of VAN ORSDEL, Associate Justice). The appellant hereinafter referred to as the defendant was tried in the Supreme Court of the District on an indictment in two counts; the first alleging the forging and the second the uttering of a written instrument in the form of a promissory note.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

By direction of the court a verdict of not guilty was returned on the first count. The jury returned a verdict of guilty of uttering on the second count. Judgment and sentence followed.

The note was described in the first count as follows:

"$5,000.00                      Washington, D. C., Oct. 18, 1918.

"Ninety days after date I promise to pay to the order of myself five thousand dollars at Commercial Natl. Bank, Washington, value received, with interest at 6 per cent. per annum until paid.

"No. ——.            Benj. F. Fuller, 210 10th St. N. W.

"Due ——."

The count further set out that on the back of the note were two indorsements, one "Benj. F. Fuller," the defendant, and the other, "Philip D. Armour," and the forgery alleged in the first count consisted in the writing of Armour's name on the back of the note by defendant.

The material part of the second count of the indictment charged that the defendant—

"did have in his possession the said instrument of writing in the form of a promissory note, with the said falsely made and forged indorsement written upon the back thereof, which said instrument of writing and said falsely made and forged indorsement are mentioned and set forth by their tenor in the first count of this indictment, and that the said Benjamin F. Fuller, so having the said instrument of writing, with the said falsely made and forged indorsement written upon the back thereof, in his possession as aforesaid, did then and there, with intent to defraud, feloniously pass, utter and publish the same as true and genuine to the Franklin National Bank, a body corporate, he, the said Benjamin F. Fuller, at the time he so passed, uttered and published the said instrument of writing, with the said falsely made and forged indorsement written upon the back thereof, as true and genuine, well knowing the said indorsement to be false and forged."

At the trial the only evidence introduced with reference to the forgery showed that after the purported indorsement of "Philip D. Armour" was made on the note, the date "October 18th," the figures "18," in the year 1918, the words "ninety days" and "Commercial Natl. Bank" were written into the face of the note, and there was not sufficient evidence to show that at the time said purported indorsement was made the defendant had indorsed the same. The court, adopting the view of defendant's counsel that this was a fatal variance from the note as laid in the first count, directed the jury to return a verdict of not guilty on the first count, but denied his motion to strike the note from the evidence and withdraw it from the consideration of the jury on the question of defendant's guilt under the second count.

The evidence tended to show that the note was discounted by the Franklin National Bank November 12, 1918, at which time it had been completed in all respects, and was in form as laid in the first count, including the indorsements, that the avails thereof were passed to the credit of the defendant, that it was dishonored at maturity, and that Armour did not make or authorize his purported indorsement thereon of which defendant was cognizant when he procured the note to be discounted. The defendant by numerous motions, objections, requests, and exceptions raised various questions, some of which are unnecessary of consideration here.

[1] The first to be examined, the determination of which disposes of most of the others, is whether the second count sufficiently charges the offense of uttering a *forged* instrument, the defendant claiming that it does not. We think the learned counsel is in error in this respect because dismissing from the discussion any question arising under the first count of the indictment we find in the second count a clear reference to the completed note including the indorsements as described in the first count. As a matter of pleading it was entirely proper to dispense with the repetition in the second count of the description of the note as set forth in the first. It is settled law that:

"One count may refer to matter in a previous count so as to avoid unnecessary repetition, and if the previous count be defective or is rejected, that circumstance will not vitiate the remaining counts, if the reference be sufficiently full to incorporate the matter going before with that in the count in which the reference is made." Crain v. United States, 162 U. S. 625, at page 633, 16 Sup. Ct. 952, at page 954 (40 L. Ed. 1097); Blitz v. United States, 153 U. S. 308, 14 Sup. Ct. 924, 38 L. Ed. 725.

The second count, therefore, will be considered as if the completed note with its indorsements was incorporated and described therein, and, so regarded, it sufficiently charges the defendant with uttering a *forged instrument* knowing it to be such.

[2] But in further support of the claim that the motion in arrest should have been granted, the defendant, among other things, contends that the second count is further defective because it fails sufficiently to allege the *passing, uttering,* or *publishing,* in that it does not set forth the particular acts claimed to constitute such uttering, etc. We think this criticism is hypercritical. The natural and commonly understood meaning of these words clearly and with reasonable certainty apprises the defendant of the nature of the accusation against him and is sufficient to enable him to prepare his defense thereto. There can be no doubt that he can plead the judgment herein as a bar to any subsequent prosecution for the same offense. United States v. Howell, 11 Wall. (78 U. S.) 432, 20 L. Ed. 195; United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819; United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135; Blitz v. United States, 153 U. S. 308, 14 Sup. Ct. 924, 38 L. Ed. 725; Burton v. United States, 202 U. S. 344, 372, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Clement v. United States, 149 Fed. 305, 79 C. C. A. 243.

The defendant was not entitled to be advised by the indictment just how he passed or uttered the note, any more than he was entitled to be informed just how Armour's indorsement was forged thereon or just how he came to know that fact. The charge that it was forged and that he knew it was sufficiently definite, and the charge that he uttered the note knowing it was forged is equally so.

[3] Error is urged in the denial of the court to grant a motion of the defendant to strike out certain evidence. A witness called by the government had testified that on or about January 17, 1919, he had a conversation with defendant about an indorsement on the back of the note in question during which the defendant said to him:

"Phil Armour said that was not his signature on the back of that note and he was certainly telling the truth."

Witness, in response to further inquiry, said he had another conversation with him on the same day, during which the defendant told him that:

"He would not pass through what he had gone through for the previous two or three months for anything in the world and he would blow his brains out if it were not for his wife and children."

All this testimony was received without objection on the part of defendant's counsel, but when the evidence on both sides was closed he moved to strike from the record the last statement of the witness, and withdraw the same from the consideration of the jury as irrelevant and immaterial, because it had reference to a conversation different from the first one to which the witness had testified, and did not appear to have been made by defendant in connection with the matter of the first conversation.

We think the court correctly denied this motion. The record shows that the testimony came in, in such a way that counsel had ample opportunity before it was received to object thereto if he desired. The connection of the evidence is such that it is fairly inferable that both conversations did relate to the same subject-matter.

[4] The general and obviously salutary rule is that objection to the admissibility of evidence should be made at the time it is offered and the grounds therefor stated. 38 Cyc. 1390 et seq.; St. Louis & Santa Fé R. Co. v. Duke, 192 Fed. 306, 309, 112 C. C. A. 564.

[5] When evidence is received without objection a subsequent motion to strike is addressed to the discretion of the trial court. Crawford v. United States, 30 App. D. C. 1.

The judgment below is affirmed.