## LEVINSON v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
May 7, 1929.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

PER CURIAM. Levinson was convicted on February 24, and on February 25 was sentenced to the penitentiary. He claimed an appeal, the appeal was allowed, the amount of the supersedeas bond fixed, he gave the bond, and it was approved by the court. His counsel claim that later, on that day and during the next day, they first learned of two causes of complaint: One, that a deputy marshal, not in charge of the jury, improperly associated with them before or after the case was submitted to the jury, or at both times; the other, that the Assistant Attorney General, in charge of the prosecution, had improperly influenced or intimidated a witness during the trial. Levinson promptly made a motion for a new trial, based upon various allegations of error during the trial and upon these two additional grounds. After consideration, the trial court refused to hear this motion, and did so for the reason that it had lost jurisdiction for any such purpose by the perfecting of the appeal to this court. Levinson now applies to us to remand the case, so that his motion for a new trial can be heard. We have no doubt of the power of this court, after it has jurisdiction by reason of a perfected appeal, to permit the court below to hear a motion for a new trial, nor of the propriety of granting such permission when it is made to appear to us that the right to present the matter in due course to the trial court was lost without serious fault on the part of appellant, and that the grounds of complaint may be substantially meritorious, or affect a public interest. This permission may be granted, we think, by way of a remand of the whole case, or by permitting the court below to hear the motion while we still retain jurisdiction generally of the appeal—in which latter case there may or may not be a suspension of the appeal—all as the circumstances may require. Angle v. U. S. (C. C. A. 4) 162 F. 264, 266. In this case, misconduct of officers of the court is alleged. Upon the hearing of this application to us, these allegations are categorically and emphatically denied; but we think that such allegations affect a public interest and should be heard on their merits, if the situation of the case in any way permits, rather than that a hearing should be denied for procedural reasons.

The allowance of the appeal had deprived the trial court of the right to hear the motion; and while Levinson's counsel might have delayed their appeal a short time and, if they had done so, would have been able to include in their motion the new grounds, yet to continue at large on bond is important; and the defendant in such a case has no absolute right to release on bail after conviction, merely because he intends to appeal. Indeed, we have commented on the desirability for taking the appeal very promptly. Howell v. U. S. (C. C. A.) 10 F.(2d) 504. The action of counsel in taking this appeal immediately therefore cannot be charged as a fault.

For the reasons stated, we think the motion should be heard on its merits, but we see no occasion for suspending the appellate proceedings except to direct that the time for making return to the appeal be extended until the 1st of June. We assume that the motion will be heard without delay. If granted, and that event is certified to us, the appeal will be dismissed; if denied and appellant conceives that the denial is legally erroneous because beyond the court's discretion, he may include such matter in the return, with amended allegations of error thereon.

Of course we intimate no opinion as to whether the motion should be granted; we only permit it to be entertained by the trial court as if the appeal had not been made. Upon such motion, the trial court will consider only these two new grounds. As to all the others, appellant, by appealing, deliberately waived his right to make the motion.

The matter of practice involved herein being without precedent in this court, this

memorandum has been submitted also to Circuit Judge Hickenlooper, and is approved by him.