## ROBINSON et al. v. UNITED STATES.*
### No. 8456.

Circuit Court of Appeals, Fifth Circuit.
Feb. 25, 1938.

*Rehearing denied April 7, 1938.

Howard Dailey, of Dallas, Tex., and John B. McNamara, of Waco, Tex., for appellants.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

In this case it appears that an indictment was returned on November 23, 1936, in the District Court for the Northern District of Texas, charging appellants, William A. Robinson, Ivy Lee Morris, Clifford H. Shipley, and Duff Hand, together with eight other named persons, with various offenses, including distilling, rectifying, possessing, and selling whisky, committed in the Fort Worth division of the court, in violation of the national liquor taxing laws. The indictment contained fourteen counts charging substantive offenses on four different dates in 1936 and a fifteenth count charging a conspiracy to violate said laws, beginning on January 1, 1936, and continuing up to the date the indictment was returned. Demurrers were not interposed to the indictment. When the case was called for trial, appellants announced ready on their pleas of not guilty. Three other defendants pleaded guilty. Two defendants were not on trial. Appellants moved for directed verdicts of acquittal, which motions were overruled. Appellants, except Morris, were convicted on all fifteen counts. Morris was convicted on all counts except the first and second, which charged substantive offenses. Cumulative sentences of two years, on two separate counts charging substantive offenses, and one year and one day on the conspiracy count, a total of five years and one day, were imposed on each appellant, with sentence suspended on other counts.

Error is assigned to the refusal of the court to direct a verdict of acquittal. Other errors are assigned but they are not pressed. We may say in passing that they are without substance.

The theory of the prosecution was that all the defendants named in the indictment were parties to the common conspiracy charged, in furtherance of which the substantive offenses were committed as overt acts, and therefore, if not actual participants in the commission of the substantive offenses, they were accomplices and responsible as principals. 18 U.S.C.A. § 550.

Appellants do not dispute this theory is sound, as a general rule, but contend that the evidence fails to show a common conspiracy between all the defendants; and that, if the evidence shows any conspiracy at all, at most it tends to show three separate conspiracies.

On behalf of appellant Morris it is further contended that he had nothing to do with any of the substantive offenses; that his only connection with the other defendants was to sell some of them liquor; that these sales were made at Palestine, Tex., where the liquor was delivered and paid for before delivery; that Palestine is not in the Fort Worth division and the court was without jurisdiction.

The other appellants urge that the defendants were improperly joined in the indictment. They concede that different offenses of the same class may be charged in separate counts of one indictment, but contend that the various substantive offenses were committed separately by one or more of the defendants without any participation in them by other defendants named. This point was not raised in limine but was urged after the evidence was closed and in connection with the motions to direct. The question of improper joinder is not before us except as to appellants. If others were improperly joined in the indictment, it is not shown that it was prejudicial to them. 18 U.S.C.A. § 556.

Undisputed evidence in the record tends to show the following facts: Morris lived in Palestine, Tex. Robinson lived in Dallas, Tex. Shipley and Hand lived in Fort Worth, Tex., at different places. Robinson and Shipley on many occasions employed Richards, also a defendant, who pleaded guilty, to transport liquor, procured from Morris at Palestine, to Fort Worth. On arriving at Fort Worth Richards would turn over the car to Fuqua, another defendant, who pleaded guilty. He would drive off with the loaded car and later return it empty. On the dates named in the indictment quantities of nontax paid liquor in un-

stamped containers were found in the possession of Shipley and Hand or in the car driven by Richards. On several occasions liquor obtained from Morris was sour or off color. The parties complained to Morris direct and he replaced it. When liquor was seized in the possession of Shipley and Hand, electric agers, and oak chips were also found. Both are used to color and flavor liquor to simulate good, aged whisky. A quantity of illicit whisky was found in the possession of Morris at Palestine. There was other evidence tending to show offers to sell and sales in Fort Worth and otherwise to prove close connection between appellants, but it is unnecessary to review it. Appellants offered no evidence in their behalf.

It is elementary that conspiracy may be proven by circumstantial evidence. From the evidence above referred to the jury might well conclude that appellants with Richards and Fuqua were parties to one common conspiracy to violate the national liquor laws as charged. Morris acting as the source of supply. Robinson acting as broker or go between. Richards and Fuqua attending to transportation. Shipley and Hand acting as rectifiers and local distributors. It also follows that appellants were properly convicted as principals under the counts charging substantive offenses.

The record presents no reversible error, and the judgment appealed from must be affirmed.

Affirmed.