## HAMEL v. UNITED STATES.

### No. 9393.

Circuit Court of Appeals, Sixth Circuit.

June 1, 1943.

John A. Baxter, of Detroit, Mich., for appellant.

Louis M. Hopping, of Detroit, Mich. (John C. Lehr, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant was convicted in a trial to a jury upon an indictment charging him with violation of § 4 of the Immigration Act of February 5, 1917, 8 U.S.C.A. § 138. That section, in terms similar to the so-called White Slave Law, Act of June 25, 1910, 18 U.S.C.A. § 397 et seq., forbids the transportation of an alien woman into the United States for prostitution or for any other immoral purpose. While no element of commercial vice attended the transaction, the appellant, upon conviction, was sentenced to a term of six years in a penitentiary and fined the sum of $3000.

The evidence discloses that illicit relations took place between the appellant and Emily Kosko, the complaining witness, in Windsor, Ontario, and in Detroit, and that upon a number of occasions the young woman was brought to Detroit in the appellant's car. According to her evidence, consent to the relationship was based upon an express agreement of marriage. A controversy arose, however, as to its date, and the young woman, disappointed at postponements contrary to her wish, notified government agents of the relationship and transportation and thus brought about the investigation which resulted in indictment and trial.

The appellant was arraigned on October 16, 1942, and the case called for trial six days later, on October 22. On that date the appellant's attorney sought a continuance of six days, informing the court that between arraignment and trial he had been engaged in other courts and so unable to prepare a defense, and that the night before he had been apprised of certain facts that made it necessary, in order that he might adequately represent the appellant, to go to Gary, Indiana, to examine certain public records there. His motion was overruled. During the trial he learned for the first time that the appellant had been indicted upon what purported to be a confession made to an immigration inspector, and that the woman in the case had not been called as a witness before the Grand Jury. He promptly moved to quash the indictment on the ground that it had been reached upon inadequate and insufficient evidence. This motion was likewise overruled.

The appeal raises a number of questions which include abuse of discretion in refusing request for reasonable continuance seasonably made, and the invalidity of an indictment based upon hearsay, without evidence of the single competent and material witness to the crime charged. We need not at this time pass upon them, in view of circumstances presently to be disclosed.

In argument upon the appeal it was represented to us, without denial, that at the trial records were introduced purporting to show the married status of the defendant at the time of the alleged offense. From these the inference was urged both upon court and jury that the promise of marriage was but a sham since the defendant was legally incapable of redeeming it. It was also asserted, without contradiction, that the purpose of counsel in seeking a continuance was to examine records in Gary, Indiana, so as to locate and produce for the trial evidence of a decree of divorce obtained by the defendant's wife. Finally, it is brought to our attention, again without contradiction, that since conviction and sentence the defendant and Emily Kosko were legally married.

It thus appears that two material and important facts bearing upon the case, were not presented to court or jury, the one relating to the nature of the alleged immorality which is an essential element of the offense charged, and the other bearing upon the degree of turpitude which was an inescapable factor in the determination of sentence. Had a new trial been sought, or a modification of the sentence prayed, each circumstance could appropriately have been urged upon the court either as ground for setting aside the judgment of conviction or for amelioration of penalty.

■ In this situation we undertake inquiry as to the power of the court to grant relief. In Levinson v. United States, 6 Cir., 32 F.2d 449, we concluded that if circumstances appeared subsequent to conviction that bore upon the validity of the judgment, we were not without power to suspend appellate proceedings and to remand the cause to the District Court for the purpose of entertaining and passing upon a motion for new trial. It is true that in that case the motion had been made in the District Court but had not been entertained because the court had lost jurisdiction by reason of the appeal, while in this case no such motion has yet been filed in the court below. We pointed out, however, that a defendant had no absolute right to release on bail after conviction merely because he intends to appeal, and that to continue at large on bond is important. We pointed also to previous comment on the desirability of taking an appeal promptly, Howell v. United States, 6 Cir., 10 F.2d 504, and that the action of counsel in taking an appeal immediately could not be charged as a fault. In the present case sentence was imposed October 23, and notice of appeal was entered three days later. This commendable promptness was doubtless motivated, as in the Levinson case, by the opportunity thus presented to apply for bail pending appeal. Instructed by the decision in that case, in relation to the facts there presented, counsel doubtless recognized the futility of a motion for new trial while appeal was pending.

■ Our decision in the Levinson case was not one of first impression. In Angle

v. United States, 4 Cir., 162 F. 264, it was recognized as entirely proper for an appellate court, in a case where the facts justify it, to remand a case with leave to the court below to hear a motion for a new trial, or to entertain further proceedings therein. This we now do in accord with the formula of the Levinson case. We recognize that there is a time limitation upon motions for new trial or upon new trial granted on the court's initiative, but the practice considered permissible in the Angle case, supra, and followed in the Levinson case, has now been recognized, at least in respect to motions based upon newly discovered evidence, by Rule II (3) of the Rules of Practice and Procedure after Verdict in Criminal Cases promulgated by the Supreme Court in 1934 and found in 18 U.S.C.A. following section 688, 292 U.S. 661, 662, 54 S.Ct. XXXVII. We therefore remand the cause to the District Court for the purpose of entertaining a motion for new trial in pursuance of the authority indicated by the Rules. We assume the motion will be made and heard without delay. If granted, and that event is certified to us, the appeal will be dismissed; if denied and appellant conceives that the denial is legally erroneous because beyond the court's discretion, he may include such matter in the return with amended allegations of error thereon. In remanding the case, however, for the purpose of the motion, we do not preclude the court's reconsideration of the penalty imposed in the light of additional information as to the previous and subsequent marital status of the defendant, and upon considering whether the public interest and the interest of the complainant will now be served by probable destruction of the existing marital status.

Remanded for further proceedings in conformity herewith.