METCALF et al. v. UNITED STATES.

No. 11446.

United States Court of Appeals
Sixth Circuit.

March 24, 1952.

Ollie James Cohen, Louisville, Ky., for appellants Metcalf and Mullins.

Fritz Krueger, Somerset, Ky., for appellant Harold Brown.

Charles F. Wood, Louisville, Ky. (David C. Walls, Charles F. Wood, Louisville, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellants Metcalf, Mullins and Brown were tried and convicted under an indictment consisting of ten counts, the first of which charged a conspiracy between May 1st and October 1st, 1950 to transport in interstate commerce motor vehicles, knowing the same to have been stolen, and the remaining nine counts of which charged the substantive offenses of such transportation from Kentucky to Tennessee with respect to nine automobiles. §§ 371, 2312, Title 18 U.S.Code. All three appellants were named in each count of the indictment except the second count, in which appellant Brown was alone named. Brown was sentenced for a period of five years upon count 1 and five years each on counts 2 through 10, the sentences on the

latter counts to run concurrently, making a total of ten years to be served. Metcalf and Mullins were each sentenced to five years on count 1, five years on count 3 and five years each on counts 4 through 10, the sentences on the latter counts to run concurrently, making a total of 15 years to be served.

The evidence showed that the nine automobiles were stolen at Louisville, Kentucky, by or for the appellants Metcalf and Mullins who thereafter transported and delivered them to the appellant Brown at his garage at Albany, Kentucky. Brown held the Pontiac agency in that county and was engaged in the repair and sale of new and used automobiles. Fictitious Tennessee registrations were illegally obtained by the appellants Metcalf and Mullins, before the cars were delivered to Brown, who thereafter was able to dispose of them to purchasers in Tennessee. Brown paid cash for the cars and, with the exception of the Oldsmobile coupe mentioned in Count 2, transported them to Murfreesboro, Tennessee, where they were sold privately or through an automobile auction conducted at that place. Mullins was with Brown at one of the sales in Murfreesboro. When Brown was first questioned by an agent of the Federal Bureau of Investigation on October 18, 1950, he told of only four cars purchased by him from sellers designated as Kenneth Ramsey and Edward Walls but said that he had no records of the transactions in his ledger. These were fictitious names used by Metcalf and Mullins. When shown photographs of a number of persons, including Metcalf and Mullins, he did not identify them. In a later interview on January 5, 1951, Brown identified Mullins as Edward Walls and said that he had records to substantiate the transactions. He then produced ledger sheets out of various files and from behind books in his office. He admitted having pulled them out of the ledger immediately after the first interview. The ledger sheets showed the price paid by Brown for each of the nine cars and also the price at which it was sold shortly thereafter. These prices were as follows:

| TABLE | PURCHASE PRICE | PRICE SALE |
|---|---|---|
| 1950 Oldsmobile Holiday Coupe.. | $ 900.00 | $2,775.00 |
| 1950 Pontiac ....... | 1,000.00 | 2,105.00 |
| 1950 Ford ......... | 800.00 | 1,610.00 |
| 1949 Chevrolet ..... | 800.00 | 1,410.00 |
| 1949 Ford ......... | 700.00 | 1,190.00 |
| 1949 Ford Coach.... | 1,600.00 | 1,650.00 |
| 1950 Ford ......... | 700.00 | 1,650.00 |
| 1950 Chevrolet ..... | 800.00 | 1,600.00 |
| 1949 Chevrolet ..... | 700.00 | 1,375.00 |

The ledger sheets either did not disclose the name of the seller or showed the seller to be someone other than Metcalf or Mullins. At that time, Brown made a notation on each ledger sheet that the car referred to therein was bought from either Metcalf or Mullins, together with the date of purchase, which he initialed.

Brown testified that prior to January 5, 1951 he did not know that his co-appellants' names were Metcalf and Mullins, that when they first approached him they stated they were representatives of a finance company in Louisville which was disposing of repossessed cars, although they did not tell him the name or address of the finance company, and that he did not know that the cars were stolen at the time he purchased them. Metcalf and Mullins did not testify.

In our opinion, the evidence fully justified the submission of the case to the jury on the conspiracy count and on the counts charging the substantive offenses, with the exception of count 2. It is conceded that there was no interstate transportation of the Oldsmobile car involved in that count, which pertained to Brown alone. However, Brown makes no point of that on this appeal as the sentence under count 2 ran concurrently with the sentences under counts 3 through 10. The chief contention of all three appellants is that prejudicial error was committed in permitting certain evidence on behalf of the Government to be received and considered by the jury.

The Government introduced as a witness Frank Staab, Special Agent of the Federal

Bureau of Investigation, who investigated the case and obtained written statements from Brown and from William Macom and Ray Cook. On direct examination, Agent Staab read Brown's statement to the jury in which he listed ten cars bought by him from Metcalf and Mullins and delivered by them to him in Albany, Kentucky. Brown was represented by separate counsel from the counsel who represented Metcalf and Mullins. Metcalf and Mullins are represented by still different counsel on this appeal. On cross-examination, counsel for Metcalf and Mullins asked Agent Staab to read to the jury the full statements of William Macom and Ray Cook. Macom's statement was to the effect that he stole two automobiles in Louisville for Metcalf and Cook, which were thereafter sold and delivered to Brown; that he understood there was an agreement between Metcalf, Mullins and Brown under which they would take 1949 and 1950 models only; and that he was present with Metcalf, Mullins and a man named Johnson, at which time there was considerable discussion about the sale of cars to another "fence," since Brown had decided to stop fencing the cars because "the heat is on." Cook's statement detailed the theft and delivery to Brown of six specific cars by Metcalf, Mullins and himself, and that Brown paid Metcalf and Mullins $700 for each 1949 or 1950 model car which was usually split three ways between Metcalf, Mullins and himself.

■■ Appellants contend that the statements or admissions of a conspirator made to a witness after the conspiracy has ended are not admissible in evidence against a co-conspirator. Such is the well settled rule. Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196; Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790. We also agree with appellants' contention that the conspiracy in the present case had ended prior to the time when Brown, Macom, and Cook made their respective statements to Agent Staab. Accordingly, the statement of Brown, while admissible against Brown, was not admissible against Metcalf and Mullins, and the statements of Macom and Cook were not

admissible against any of the three appellants.

However, the statements of Macom and Cook were read at the request of counsel for Metcalf and Mullins upon cross-examination by him of Agent Staab, probably in the hope of bringing to the attention of the jury some evidence therein favorable to the cause of his clients as well as what was unfavorable. The statements of Macom and Cook were thus made competent as to appellants Metcalf and Mullins. Lypp v. United States, 6 Cir., 159 F.2d 353, 355; Gomila v. United States, 6 Cir., 159 F.2d 1006, 1009.

■ The statement of Brown was not objected to at the time by counsel for Metcalf and Mullins, and likewise the statements of Macom and Cook were not objected to at the time by counsel for Brown. Following the cross-examination of Agent Staab, there was redirect examination of him by Government counsel and recross-examination of him both by counsel for Metcalf and Mullins and by counsel for Brown. Thereafter, another witness was called and examined by Government counsel and cross-examined by counsel for Metcalf and Mullins, with cross-examination waived by counsel for Brown, following which Government counsel rested its case for the Government. Thereupon, counsel for Brown moved the Court to exclude from the consideration of the jury with respect to Brown the statements of Macom and Cook. Counsel for Metcalf and Mullins moved the Court to admonish the jury not to consider with respect to Metcalf and Mullins so much of Brown's statement that said he had purchased the cars from either Metcalf or Mullins, or both. The District Judge overruled the motions.

The rulings were not prejudicial error. It is the well settled rule that objections to evidence should be timely made when the evidence is offered, and that it is within the discretion of the trial judge to sustain or overrule a motion, delayed until the close of the Government's case, to strike from the consideration of the jury evidence previously received without objection. Marx v. United States, 8 Cir., 86

F.2d 245, 251; Dolff v. United States, 7 Cir., 61 F.2d 881, 885, certiorari denied 289 U.S. 763, 53 S.Ct. 797, 77 L.Ed. 1506; Waldeck v. United States, 7 Cir., 2 F.2d 243, 245, certiorari denied 267 U.S. 595, 45 S.Ct. 232, 69 L.Ed. 805; Blakeslee v. United States, 1 Cir., 32 F.2d 15; Lambert v. United States, 9 Cir., 26 F.2d 773, 774; Fuller v. United States, 53 App.D.C. 88, 288 F. 442, 445. See Benson v. United States, 146 U. S. 325, 331–333, 13 S.Ct. 60, 36 L.Ed. 991. As stated in Marx v. United States, supra: "Counsel could not be permitted to sit idly by and permit the witnesses to testify, possibly hoping that his client might benefit thereby, and then, finding that the testimony was not beneficial, move to strike it out. Such a practice cannot be tolerated. It is only when evidence apparently admissible when offered is shown by subsequent developments to be inadmissible that the objection may be made in the form of a motion to strike out or by a request for an instruction that its effect be limited or that it be withdrawn from the consideration of the jury." There is no obligation on the Court to prevent cross-examination to which none of the parties objected. Dierkes v. United States, 6 Cir., 274 F. 75, 84.

■ Appellants Metcalf and Mullins contend that it was error to permit the ledger sheets to be received in evidence bearing the notations made thereon by Brown after the termination of the conspiracy. The notations were clearly admissible against Brown. At the close of all the evidence in the case, the District Judge told the jury that Brown's written statement could be considered by the jury as evidence against Brown, but was not to be considered as evidence against Metcalf and Mullins; that the ledger sheets were competent with the exception of the notations made by Brown, and that those notations could be considered against Brown, but could not be considered against Metcalf and Mullins. In a conspiracy case the defendants are not entitled to a severance, and evidence admissible against one defendant but inadmissible against other defendants is properly received if the jury is properly admonished as to its bearing upon the question of the guilt or innocence of the other defendants. United States v. Newhoff, 2 Cir., 83 F.2d 942, 944–945; Holmes v. United States, 5 Cir., 267 F. 529, 533. We do not agree with the contention of appellants Metcalf and Mullins that the trial judge's statement on this point, when considered in its entirety, was confusing or misleading to the jury.

■ Appellants Metcalf and Mullins further contend that the evidence was insufficient to show the commission by them of the substantive offenses charged in counts 3 through 10 of the indictment, pointing out that there is no evidence whatsoever to show that either one of them transported any of the cars involved from Kentucky to Tennessee. All of the evidence on this point is to the effect that Metcalf and Mullins delivered the cars to Brown in Albany, Kentucky, and that the cars were thereafter driven from Kentucky into Tennessee by Brown, or some one acting for him. However, under § 2, Title 18 U.S.Code, whoever aids or abets another in the commission of an offense against the United States is as guilty as the principal. The District Judge submitted the case to the jury on this theory as against Metcalf and Mullins, and, in our opinion, properly so. In addition to the actions of Metcalf and Mullins in procuring fictitious Tennessee registrations which would enable Brown to drive the cars to Tennessee without suspicion, there is the additional fact that Metcalf and Mullins, being in possession of stolen property and intending that it be transported to another State, sold the property to a purchaser who they knew would promptly transport it to another State. This question is discussed in Backun v. United States, 4 Cir., 112 F.2d 635, where it is pointed out and held that a sale of stolen property under such conditions, followed by interstate transportation of the property by the buyer, brings the seller within the terms of the aiding and abetting statute referred to above. See also Nye & Nissen v. United States, 336 U. S. 613, 618 through 620, 69 S.Ct. 766, 93 L.Ed. 919; Robinson v. United States, 5 Cir., 94 F.2d 752, 754.

218

Appellants Metcalf and Mullins have filed a motion in this Court to remand the case to the District Court, based principally upon an affidavit by William Macom, executed December 29, 1951, repudiating his statement of December 29, 1950 made to Agent Staab, denying that he stole the automobiles referred to therein, or that he heard any conversation between Metcalf and Mullins about a conspiracy to steal automobiles or about Brown's refusal to accept cars because the "heat" was on. Although the motion does not state for what purpose the remand is sought, we presume it is for the purpose of permitting the trial court to consider a motion for a new trial on the ground of newly discovered evidence. Rule 33, Rules of Criminal Procedure, 18 U.S.C.A.; Levinson v. United States, 6 Cir., 32 F.2d 449. We are not advised that such a motion has been made in the District Court, but under the ruling of this Court in Hamel v. United States, 6 Cir., 135 F.2d 969; Id., 6 Cir., 138 F.2d 508; the pendency of such a motion is not a prerequisite to a remand. Rule II(3) of the Criminal Appeals Rules, 292 U.S. 661, under which those rulings were made, is similar, with respect to this aspect of the case, to present Rule 33, Federal Rules of Criminal Procedure. However, in the absence of any indication on the part of the District Judge that he would sustain such a motion, the Court of Appeals "should be on the alert to see that the privilege of its use is not abused." United States v. Johnson, 327 U.S. 106, 112–113, 66 S.Ct. 464, 467, 90 L.Ed. 562; United States v. Minkoff, 2 Cir., 181 F.2d 538; Rakes v. United States, 4 Cir., 163 F.2d 771.

In opposition to appellants' motion the Government has filed certified copies of criminal proceedings in the Jefferson Circuit Court of Kentucky against Macom, which show that on November 9, 1951 Macom, after having previously pleaded not guilty, entered a plea of guilty to an indictment charging him with the theft in July, 1950, of the 1950 Oldsmobile involved in this case, followed by a sentence of a year in the county jail. Coupled with the lapse of time between the trial and the making of the present affidavit, approximately eight months, and giving consideration to the fact that the so-called newly discovered evidence is wholly in the nature of impeaching evidence, we fail to find any merit in the motion to remand. Gichanov v. United States, 6 Cir., 281 F. 125; Evans v. United States, 10 Cir., 122 F.2d 461, 469; certiorari denied 314 U.S. 698, 62 S.Ct. 478, 86 L.Ed. 558; Goodman v. United States, 3 Cir., 97 F.2d 197, 199; LaBelle v. United States, 5 Cir., 86 F.2d 911. The evidence on which the motion is based is not such as would probably produce a different result. Baird v. United States, 6 Cir., 279 F. 509, 512; Wagner v. United States, 9 Cir., 118 F.2d 801, certiorari denied 314 U.S. 622, 713, 62 S.Ct. 75, 86 L. Ed. 500; Evans v. United States, supra; Heald v. United States, 10 Cir., 175 F.2d 878, 883.

The motion of appellants Metcalf and Mullins to remand the case to the District Court is overruled, and the judgments are affirmed.