210 F.2d 141
 UNITED STATES
v.
PARNES et al.
 No. 94.
 Docket 22840.
 United States Court of Appeals Second Circuit.
 Argued January 15, 1954.
 Decided February 3, 1954.
 
 Parnes and Fink were indicted, in a one-count indictment, for violating 18 U.S.C. § 371, the conspiracy statute, in that they, together with others not named as defendant — including Leo Laufer, Walter Laufer, Alfred Landin and Emanuel Lester — conspired to possess and export quantities of fine gold in violation of 12 U.S.C.A. § 95a[1] and Executive Order 6260 as amended.[2] The charge against Fink was severed.
 At Parnes' trial, three of the named co-conspirators testified to conversations with Parnes. According to the testimony of each of these witnesses, the following occurred: Each of the three agreed to fly from New York to Rio de Janeiro for Parnes, and to carry and there deliver gold to one Gryner. Parnes agreed to pay each of these conspirators $550.00 plus expenses. In each instance, Parnes bought the plane tickets, and Parnes, his father-in-law, Newman, and Parnes' two brothers-in-law came to the house of the witness with two suitcases and a valise containing gold secreted in the lining; Parnes explained how to use the locks on the suitcases. In each instance, the witness was told to make delivery of the gold in Rio to Gryner; each witness made the journey from New York to Rio de Janeiro, and saw the gold taken from the suitcases and weighed in Gryner's apartment. Crotty, the administrative assistant to the United States Assay Office in New York, testified that no license for the domestic use of gold or for export of gold had been issued to Parnes. A witness Davidowitz testified to a similar arrangement, about the same time, with Parnes and Newman, and a similar trip to Rio. The jury found Parnes guilty. The trial judge fined him $5,000.00 and sentenced him to a two-year term. He has brought this appeal.
 Edward V. Broderick, New York City (Joseph H. Broderick, New York City, of counsel), for appellant.
 J. Edward Lumbard, U. S. Atty. for Southern Dist. of N. Y., New York City (William Esbitt, New York City, of counsel), for appellee.
 Before FRANK, MEDINA and HINCKS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Of course, the fact that a conspiracy succeeded does not bar conviction for the crime of conspiracy. The evidence amply supported the verdict. Proof that no export license had issued at New York, whence the gold was exported, justified an inference, not rebutted by Parnes, that no license did issue. The furtive conduct of Parnes and the co-conspirators made it reasonable to infer that they knew that there had been no compliance with the conditions of lawful exportation, and accordingly that it was illegal.
 
 
 2
 We assume, arguendo, that, over objection, the reception of Davidowitz' testimony, as proof of another crime, would have been error. However, defense counsel not only failed to object to Davidowitz' testimony on direct, but cross-examined Davidowitz at length. Only then did defense counsel move to strike this testimony. In these circumstances, the trial judge committed no error in refusing to grant that motion. See Marx v. United States, 8 Cir., 86 F. 2d 245, 251; Metcalf v. United States, 6 Cir., 195 F.2d 213, 216-217.
 
 
 3
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 It reads in part: "During the time of war or during any other period of national emergency declared by the President, the President may, through any agency that he may designate, or otherwise, and under such rules and regulations as he may prescribe, by means of instructions, licenses, or otherwise —
 "(A) investigate, regulate, or prohibit any transaction in foreign exchange, transfers of credit or payments between, by, through, or to any banking institution, and the importing, exporting, hoarding, melting, or earmarking of gold or silver coin or bullion, currency or securities, * * * by any person, or with respect to any property, subject to the jurisdiction of the United States; * * *. Whoever willfully violates any of the provisions of this subdivision or of any license, order, rule or regulation issued thereunder, shall, upon conviction, be fined not more than $10,000, or if a natural person, may be imprisoned for not more than ten years, or both; * * *."
 
 
 [2]
 Executive Order No. 6260, August 28, 1933, as amended by Executive Order No. 6556, January 12, 1934, Executive Order No. 6560, January 15, 1934 (following Title 12, § 95a, U.S.C.A.) provides, in part: "* * * Sec. 4. Acquisition of Gold Coin and Gold Bullion — No person other than a Federal Reserve bank shall after the date of this order acquire in the United States any gold coin, gold bullion, or gold certificates except under license therefor issued pursuant to this Executive order * * *."
 "Sec. 6. Earmarking and export of gold coin and gold bullion — After the date of this order no person shall earmark or export any gold coin, gold bullion, or gold certificates from the United States, except under license therefor issued by the Secretary of the Treasury pursuant to the provisions of this order."